*C. E. Walker* and *H. C. Newcomb*, for appellant.

*S. Major*, for appellees.

———————◆———————

24  101
132  55

## SMITH v. THE STATE.

COUNTY COMMISSIONER—RESIDENCE OF.—The statute does not require that a member of the board of county commissioners should continue to reside in the district of the county for which he was elected.

APPEAL from the *Jay* Common Pleas.

RAY, J.—These proceedings were instituted by the prosecuting attorney for the district, by information, in the nature of a writ of *quo warranto*, against the appellant, to obtain a judgment of ouster from the office of county commissioner, because said appellant had, since his election to, and qualification for, said office, removed out of the district in which he resided, when so elected and qualified, into another district in the said county. A motion to quash was filed and overruled. This was followed by a demurrer to the information, which was also overruled. An agreed statement of facts was then filed, and the cause submitted to the court for trial. A finding against the appellant, and a judgment of ouster, were rendered, and upon the overruling of a motion for a new trial, this appeal was taken.

The act "providing for the organization of county boards, &c.," 1 G. & H., § 2, p. 248, directs that "each county shall be divided into three districts, numbered one, two and three, * * * by the board of county commissioners at their first session after the publication of this act; and one commissioner shall be elected from the residents of each of such districts, by the voters of the whole county."

Under this provision it was held by the court below, that although the express requirement of the statute had been complied with, and a resident of the district elected by the voters of the whole county, yet after such legally elected person had been duly qualified, his removal to another district of the same county operated to vacate the office.

It will be observed that the section of the statute under consideration does not require a continued residence in the district, but is fully satisfied with the qualification attaching to the person selected at the time his election becomes effective, and he assumes the duties of the office. At that time he takes an oath of office, and assumes duties and a jurisdiction co-extensive with the limits of the county. The previous residence within a particular district has secured in the candidate a local knowledge of the peculiar wants and requirements of that district, and the legislature have deemed this sufficient, without requiring a continued residence within the same limits.

The selection of one from each of the three districts of the county, would prevent an election of commissioners with a special view to the peculiar wants of any one locality in the county, and it seems to be assumed by the statute that impartiality, in regard to the several districts, having been secured in the selection of officers, the oath of office will be a sufficient security, in the future, against local influence operating to the prejudice of the general good.

The sixth section of article 6, of the constitution, provides that "all the county, township and town officers shall reside within their respective counties, townships and towns." The additional restriction which, it is insisted, is imposed by statute, that certain county officers shall reside within a more limited locality than required by the constitution, should clearly appear, and we cannot, by mere inference from what the statute says, as to what the legislature might or might not have intended, determine that such limitation exists. The constitution provides, in regard to

the judges of the Supreme Court, that "one of said judges shall be elected from each district, and reside therein." The same instrument also provides that "a judge for each circuit shall be elected by the voters thereof. He shall reside within the circuit." When it is thus plain, that it was considered necessary to insert this requirement upon these officers in the constitution, an instrument declaratory of general policy, and whose brevity forbids the application of that policy to special cases, in which the courts would make such application as was indicated by the general tenor of the instrument, it would hardly seem authorized in the courts to imply from a statute a limitation not therein expressed, when the constitution had already imposed a restriction upon the same persons, in regard to the same subject matter.

At all events, we do not think the legislative intent is so clearly indicated in the statutes, nor the public necessity so urgent, that we would be clear from a well founded charge of judicial legislation, if, by construction, we hold such restriction to exist in the section of the act cited.

The judgment of the court below will be reversed, and the cause remanded, with directions to the court below to sustain the demurrer to the information.

*Templer* and *McCoy*, for appellant.

*J. J. Hawkins*, for the state.