## H. B. FOX, Plaintiff in Error,

*v.*

## TERRITORY OF WASHINGTON, Defendant in Error.

The Statute of the Territory prescribing the qualifications of a person prac-
ticing medicine, is in no sense an *ex post facto* law.
Nor does such act, prescribing who may and who may not practice medicine,
violate the fourteenth amendment to the Constitution, either in depriving
any person of his rights, or in making any unjust discrimination against
him.   This Court cannot take notice of an *ex parte* affidavit filed with the
papers in the case, but not embodied in the bill of exceptions.
The fact that the trial Court excluded a witness from testifying for the pris-
oner, on account of drunkenness, will not justify the granting of a new trial,
or a reversal of the judgment, unless the defendant first shows the materi-
ality of the testimony of which he was deprived, and applies to the Court
for the continuance of the trial until such time as the witness will be in a
condition to testify.

Error, to the Third Judicial District, holding terms at Seattle.

Dr. H. B. Fox, plaintiff in error, having been indicted, tried,
convicted, and fined at the October term, 1883, of the Territo-
rial District Court in King County, for the alleged practicing of
medicine for gain, without first having complied with the re-
quirements of Chapter 169 of the Code, thereupon sued out a
writ of error to this Court.

The demurrer, motion for new trial, motion in arrest of judg-
ment, and assignment of error present the material questions
raised by plaintiff in error here :

The insufficiency of the indictment—

The accident to and surprise of the accused—

The unconstitutionality of the chapter.

*Kalloch, Murphy & Holcomb*, for Plaintiff in error.

The indictment is defective in this : That while defendant
may have failed to comply with the requirements of the chap-
ter alleged in the indictment, yet he may have complied with
those not alleged therein.

Then, again, the indictment is defective in this : That while he
may not have qualified under the chapter in King County,
where he happened to reside or sojourn at the particular time

alleged in the indictment, yet he may have already qualified in some other county of the Territory, where he had previously resided or sojourned.

The Legislature is incompetent to deprive a citizen of his property, without due process of law. (Constitution U. S., 14th Amend.) A professional man has property rights in his profession. (*Cummings* v. *State of Missouri*, 4 Wall. 320.) This statute acts judicially in depriving the physician of his profession, and hence is void. (4 Wall. 227, *supra ;* Cooley's Const. Lim., 5th ed. 106.)

This act is unconstitutional in attempting to make unjust and illegal discriminations. (Code of Washington, Ch. 169 ; Const. U. S., 14th amendment ; Cooley's Const. Lim., 5th ed. 155, 156, 490 ; *Cummings* v. *State of Missouri*, 4 Wall. 277 ; *Ex parte Garland*, 4 Wall. 333 ; *Crandall* v. *Nevada*, 6 Wall. 35.)

*C. M. Bradshaw*, Prosecuting Attorney, for Defendant in error.

The matters stated in Section 2286 need not be negatived in the indictment, as this section contains no proviso, but points out a mode by which a person having been duly authorized, but whose diploma is lost, may make use of a certified copy with which to cause the record to be made. An exception constitutes no part of the enacting clause of an act, and therefore need not be negatived ; but if the plaintiff in error comes within this excepted class, he may prove it under a plea of not guilty. (Arch. Crim. Pr. and Pl. 287 ; Wharton Am. Crim. Law, Pars. 378 and 379 ; 5th Texas Court of Appeals, 263 ; 6th Texas Court of Appeals, 202.)

It is claimed that the indictment is defective, because it does not show that the plaintiff in error has not qualified in some other county.

If he had so registered, when he changed his residence he must register in the county to which he removes. (Sec. 2284, Revised Code ; Texas Court of Appeals, 69.)

The second question raised by the plaintiff in error is, that he was surprised on the trial by the intoxication of a witness material for his defense, and that for that reason he should have been granted a new trial.

Our statute declares that while in that condition he should not be sworn and examined. (Code of Washington, Sec. 391.)

That the Legislature may, under its general powers of legislation, regulate the practice of medicine, is not denied, nor can it be successfully impeached. That it may define the qualifications of those who shall be licensed to practice those callings or professions, the exercise of which may affect the public health or safety, cannot be successfully denied. (10th Nevada Reports, 323.)

Opinion by TURNER, Associate Justice.

The plaintiff in error was indicted, tried and convicted at the October term, 1883, of the District Court for the Third Judicial District, holding terms at Seattle, in King County, for the offense of practicing medicine for gain, contrary to Chapter CLXIX of the Code. The indictment is based on Section 2291 of the Code, which section constitutes a part of the chapter before referred to.

The plaintiff in error demurred to the indictment in the Court below, and his demurrer was overruled.

After verdict, plaintiff in error moved the Court for a new trial, on the grounds hereafter mentioned. The motion was supported by an affidavit from one of the attorneys in the case, which affidavit disclosed the following facts in substance, namely: One of the witnesses for the defense being called to testify on the trial, was found to be intoxicated, and while in that condition was, by order of the Court, removed from the Court room before he had testified, and incarcerated in jail for contempt. The affidavit then goes on to state the nature of the evidence which it was expected and believed this witness would have given, which was, in short, that the witness was a physician, and that he alone prescribed for and compounded the medicine for the particular person mentioned in the indictment as attended and prescribed for by the plaintiff in error, and that he alone received the compensation paid by said person therefor, the defendant having been simply an intermediary between himself and the said person, to convey the medicine and receive the money.

The facts relied on in support of the motion for a new trial

do not appear in the record, except from the motion and the affidavit filed in support of it.

The motion for a new trial was overruled. Subsequently the plaintiff in error moved in arrest of judgment, upon some of the grounds relied on in support of the demurrer, and this motion was also overruled.

The case is brought to this Court by writ of error.

The assignments in error go only to the constitutionality of the law, and to the action of the Court as shown in the affidavit, in excluding the intoxicated witness from the Court-room, and to the refusal of the Court below to grant the motion for a new trial.

Other alleged errors were urged by counsel for paintiff in error, in argument and in the brief filed; but we do not feel authorized to consider them, especially as they do not refer to matters that are fundamental and vital to the prosecution.

In support of the proposition that the law is unconstitutional, counsel for plaintiff in error rely upon the cases of *Cummings* v. *State of Missouri*, 4 Wall. 277; *Ex parte* Garland, 4 Wall. 333; *Crandall* v. *Meade*, 6 Wall. 35; Constitution U. S., 14th Amendment.

The cases in 4th Wallace, which are well known to the profession, go to the power of a State government, or the general Government, to pass *ex post facto* laws and bills of attainder. We do not think the provisions of Chapter CLXIX of the Code liable to the objection that they are in any sense *ex post facto* laws, or in the nature of a bill of attainder. They prescribe qualifications for all persons proposing to practice medicine and surgery in the Territory, and in so doing exclude many from the practice who might otherwise engage in it; but this exclusion does not proceed upon the idea of punishment for past acts.

It was the attempt of Congress in the one case, and the State of Missouri in the other, to prescribe punishment by legislative enactment for participation in the rebellion, directed at particular classes, prescribing additional penalties for acts before that declared crimes, rendering punishable acts not before criminal, and changing the rules of evidence by which less or different testimony was made sufficient to convict: that was declared by

the Supreme Court of the United States to be violation of the Federal Constitution, in the cases of *Cummings* v. *Missouri*, and *Ex parte Garland.*

Neither do we find anything in said chapter that brings it within the principle laid down in the case of *Crandall* v. *State of Nevada*, 6 Wall.

It is claimed by counsel for plaintiff in error, that the law is in conflict with the 14th Amendment to the Constitution, in that it prescribes a standard of qualification to entitle one to practice medicine and surgery, namely, the being a graduate of a medical college or university ; and it relaxes the standard in favor of those who were engaged in the practice at the time of the passage of law.

We see a discrimination here, it is true, but no deprivation of a right secured by the 14th Amendment. It will hardly be contended that it is the right of medical practitioners, bearing diplomas from a medical college or university, to have excluded from the practice all who are not thus qualified.

Another objection to the law urged by counsel is, that it discriminates between persons of equal learning and skill, by permitting that person to practice medicine and surgery who was so engaged the day before the passage of the law, while it denies the privilege to the person who may seek to engage in the practice the day after, or at any time after, the passage of the law. It appears to be an answer to this objection, to say that the law does not deny the privilege of practicing medicine and surgery to any one. Any citizen of the Territory may qualify himself in the manner pointed out by the law, and thereafter may lawfully engage in the practice of medicine and surgery.

The Legislature, for good and valid reasons, has exempted a particular class from the necessity of having this qualification ; but this action does not entitle persons of another class to claim the exemption as a legal right to themselves, under the 14th Amendment, or under any other clause of the Federal Constitution.

Another objection founded upon the provision of the law which exempts from its operation physicians and surgeons in another State, Territory, or Province, living adjacent to this Territory, who may cross the border to attend patients in the Territory, is disposed of by the same line of reasoning.

For an authoritative interpretation of the several clauses of the 14th Amendment, and their bearing and operation upon laws of the character of that now under consideration, we refer to the Slaughter House Cases, 16 Wall. 36.

The assignment of error, to the effect that the Court excluded the intoxicated witness from the court-room, and refused a postponement of the trial, thus depriving the plaintiff in error of the benefit of the testimony of such witness, is not sustained by the record. The only mention of this incident is in the affidavit filed in support of the motion for a new trial. This Court will not look to an *ex parte* affidavit filed in a cause, for a fact that should have been made a part of the record by bill of exceptions. Besides, if the affidavit were accepted in lieu of a bill of exceptions, it does not sustain the assignment of error. It does not show that any objection whatever was made to the exclusion of the witness from the court-room, or that any attempt was made by plaintiff in error to obtain the benefit of the testimony of the witness by moving the Court to an adjournment until the witness should become competent to testify.

The motion for a new trial was based on two grounds—first, because of the action of the Court in excluding from the court-room the intoxicated witness; and second, because the verdict was contrary to the law and evidence. The exclusion of the intoxicated witness was not error, but it might have constituted strong ground for a new trial, if the defendant, upon the exclusion of the witness, had informed the Court of the importance to the defense of his testimony, and had asked an adjournment of the cause until he became competent to testify, and the Court had refused the request. But nothing of this kind is shown. Furthermore, there being no bill of exceptions from which we can become apprised of the testimony in the Court below, we cannot say that the evidence of the intoxicated witness would have had such an effect as to require the granting of a new trial. For the same reason, we cannot say that the verdict was contrary to the law and the evidence.

We find no error in the record, and the judgment of the District Court is affirmed.

We concur: John P. Hoyt, Associate Justice.

S. C. Wingard, Associate Justice.