The State, *ex rel.* Hartford, Prosecuting Attorney, *v.* Craig.

No. 15,876.

THE STATE, EX REL. HARTFORD, PROSECUTING ATTORNEY,
*v.* CRAIG.

MUNICIPAL CORPORATION.—*Councilman Moving into Another Ward.*—*Vacation of Office.*—Where a councilman is elected from a certain ward in a city, and after his election he moves into and becomes a resident of another ward, he does not by such action vacate his said office, for he is not an officer of the ward from which he was elected, but an officer of the entire city. The statute only provides that he shall be a resident of the ward at the time of his election.

From the Jay Circuit Court.

*R. H. Hartford,* Prosecuting Attorney, for appellant.

*F. H. Snyder* and *G. W. Bergman,* for appellee.

McBRIDE, J.—The appellee was duly elected councilman for the Third ward of the city of Portland. He qualified and entered upon the duties of the office. He was, at that time, a resident of said ward, and was otherwise qualified. Afterward he removed from the Third to the Second ward, where he resided when this suit was commenced, which was a proceeding against him in the nature of *quo warranto*. Since his removal he has still assumed to be councilman for the Third ward, and has been acting in that capacity. The only question we are required to decide is, did his removal from the Third ward vacate the office? The court below held that it did not.

The precise question has never heretofore been before this court. Indeed, no authority is cited, and counsel present the question as one of first impression.

The law providing for the incorporation of cities requires that the city shall be divided into wards, and that two councilman shall be elected from each ward by the legal voters of their respective wards. Section 3043, R. S. 1881. The section referred to contains the following provision: " No person shall hold the office of councilman unless, at the time

of his election, he is a resident of the ward from which he is elected; and in case of the removal of any councilman from the ward from which he was elected, the common council shall have power to declare his office vacant, and order a special election to fill the vacancy."

It is conceded that the city council has never taken any action in the matter.

The only constitutional restriction upon the residence of officers of municipal corporations is found in Section 6, Article VI of the Constitution, which provides that "All county, township, and town officers shall reside within their respective counties, townships, and towns." The word town is generic, and includes cities. *Flinn* v. *State*, 24 Ind. 286.

It is, however, competent for the Legislature to impose additional conditions and restrictions not in conflict with any express provision of the Constitution. It may, without doubt, as is done in the statute now under consideration, prescribe that only those shall be eligible for election as councilman who are at the time residents of the ward for which they are elected. We think it equally clear that it may provide that removal from that ward will of itself operate as a vacation of the office. We do not think, however, that it has done so. In our opinion it has not only committed to the city council the power to declare a vacancy in such a case, but it has also left the exercise of that power to the discretion of the council. Until that body has acted, the mere fact of removal to another ward will not of itself have the effect to create a vacancy.

The law providing for the organization and election of boards of county commissioners provides for the division of counties into districts, and that a commissioner shall be elected from each district who shall reside in the district. Section 5732, R. S. 1881.

In the case of *Smith* v. *State*, 24 Ind. 101, it was held that the statute did not require that a commissioner should continue to reside in the district for which he was elected.

It is true the statutes are unlike in this, that boards of county commissioners are elected by the vote of the entire county, and not by the vote of the district which they represent, while members of the city council are elected by the votes alone of the voters of their respective wards. But when they are once elected and enter upon the discharge of their official duties, these duties are such as affect alike all portions of the city, and are in no sense local. As is said of the county commissioner in *Smith* v. *State, supra,* when he assumes the duties of his office: "At that time he takes an oath of office, and assumes duties and a jurisdiction co-extensive with the limits of the county." So the member of the city council, when he takes his oath of office, assumes duties and a jurisdiction co-extensive with the limits of the city. He is not an officer of the ward, but an officer of the entire city.

Judgment affirmed.

Filed May 24, 1892.