[No. 8798. Department Two. July 11, 1910.]

*In the Matter of the Application of* I. S. HAROLD *for a License to Practice Medicine and Surgery.*[1]

PHYSICIANS AND SURGEONS—LICENSE — STATUTES — CONSTRUCTION. Rem. & Bal. Code, § 8389, requires that an applicant for a license to practice medicine based upon a diploma and prior practice in this state, as distinguished from one who had been "practicing" in one locality for two years, must have been "legally" engaged in such practice, and does not authorize a license to one who was practicing in this state without any license in violation of the then existing law.

Appeal from a judgment of the superior court for King county, Holcomb, J., entered December 21, 1909, upon findings in favor of the defendants, sustaining a decision of the board of medical examiners denying an applicant a license to practice medicine and surgery, after a hearing before the court. Affirmed.

[1]Reported in 109 Pac. 1043.

*Alexander & Bundy* (*Joseph R. Anderson*, of counsel), for
appellant.

*Howard G. Cosgrove* and *Higgins, Hall & Halverstadt*, for
respondent State Board of Medical Examiners.

PARKER, J.—I. S. Harold applied to the board of medical'
examiners for a license to practice medicine and surgery,
claiming to be entitled to such license under the provisions of
chapter 192, Laws of 1909, page 677 (Rem. & Bal. Code,
§ 8386 *et seq.*), relating to the licensing of those engaged in
practice at the time of the enactment of the law. The board
refused to grant him a license, and he appealed to the super-
ior court, where, as the law provides, his right to a license
was tried *de novo*, resulting in findings and judgment affirm-
ing the decision of the board. From this judgment he has
appealed.

The facts upon which appellant bases his right to a license
are undisputed, and may be briefly stated as follows: He be-
came a resident of the state of Washington, January 1, 1909,
having been prior thereto a resident of the state of Indiana
and engaged in the practice of medicine and surgery therein.
Since then, and until after the enactment of this law, he was
engaged in the practice of medicine and surgery in the state
of Washington, without having a license so to do as pro-
vided by the then existing law. In addition to showing such
practice in this state, he presented his diploma and evidence
showing a graduation from a school having the curriculum of
study specified in section 4 of the law. He did not offer to
submit to an examination as to his qualifications to practice
medicine and surgery under the provisions of the law relating
to the licensing of those who are seeking to enter the pro-
fession, but relied wholly upon his alleged compliance with
the provisions of the law relating to the licensing of those
so engaged at the time of its enactment.

It is contended in behalf of appellant that by his showing of
graduation from a school having the required curriculum of

study and his practice in this state prior to the enactment of the law, he has thereby complied with all of its requirements, relating to a certain class, entitling him to a license; while it is contended in behalf of the board of medical examiners that, since he was not *legally* engaged in the practice in this state prior to the enactment of the law, he is not entitled to a license, except he prove his qualifications as required by other provisions of the law. Section 4 of the law reads:

"Sec. 4. Any person who treats the sick or afflicted may register his or her diploma with the board of medical examiners, and receive a license to practice his or her respective mode of treatment, by paying a fee of ten dollars, which fee shall go towards defraying the expenses of said board: *Provided, That he or she show evidence satisfactory to said board that he or she has been legally engaged in such practice prior to the passage of this act, in the state of Washington,* and is a graduate of a legally incorporated school or college teaching the system or mode of treatment which the applicant intends or claims to follow, wherein the course comprises actual attendance and completion of two years of ten months each, or four terms of five months each, and the curriculum of study includes instruction in the following branches, to wit: Anatomy, physiology, chemistry and toxicology, bacteriology, gynecology and obstetrics, histology, hygiene, pathology and general diagnosis; or by having been in continuous practice in one locality in this state for the past two years; and all such persons shall be granted thirty days after the organization of said board to make such application and furnish such evidence, after which time all persons desiring to treat the sick shall first take the examination as provided by this law." Rem. & Bal. Code, § 8389.

The controversy is reduced to the question, Has appellant satisfied the requirement of that part of the law above quoted in italics? It is manifest that at the time he was engaged in the practice of medicine and surgery in this state, from January 1, 1909, until the time of the enactment of this law, without having a license so to do, he was violating the plain provisions of the then existing law regulating the licensing of physicians and surgeons. Bal. Code, § 3019; Laws of

1901, p. 50.   This being true, it needs no argument to demonstrate that he was not *"legally engaged in such practice prior to the passage of this act."* We find nothing in the law warranting us giving to the word "legally" any other than its ordinary meaning. In our decision just rendered, *In re Christensen, ante* p. 314, 109 Pac. 1040, we recognized that the legislature acted advisedly in using the word "legally" in this clause and omitting it from the two years' practice clause. We conclude that, within the meaning of the law, appellant was not engaged in such practice prior to the enactment of the law as will aid him in procuring a license thereunder.

The judgment is affirmed.

RUDKIN, C. J., CROW, DUNBAR, and MOUNT, JJ., concur.