[No. 13755.  Department Two.  April 11, 1917.]

FRED ROSENOFF et al., Respondents, v. J. L. CROSS, as
Auditor of Adams County, Appellant.[1]

INTOXICATING LIQUORS — REGULATION — SHIPMENTS — DRUGGISTS—
STATUTES—CONSTRUCTION.  Permits to ship intoxicating liquor into
the state cannot be issued to a druggist who had been convicted of
violating the former local option law, now superseded by the state-
wide prohibition act, in view of Rem. Code, § 6262-19, which provides
that permits shall not be issued to any druggist who has been con-
victed of any violation of any of the liquor laws of the state, and
Id., § 6262-17, requiring applicants for a permit to make affidavit that
they have not been theretofore convicted of any violation of the laws
relating to intoxicating liquors in the state of Washington.

SAME—REGULATION—DRUGGISTS—STATUTES — VALIDITY — EX POST
FACTO LAW.  The state-wide prohibition act, Rem. Code, § 6262-19,
which provides that permits shall not be issued to any druggist who
has been convicted of the violation of any of the liquor laws of the
state, and Id., § 6262-17, requiring applicants for a permit to make
affidavit that they have not been theretofore convicted of any viola-
tion of the laws relating to intoxicating liquors in the state of Wash-
ington, is not objectionable as an ex post facto law or retroactive,
though permits are not to be given to any one who has theretofore
violated any of the former liquor laws of the state, which was within
the power of the state in regulating intoxicating liquors.

SAME—REGULATION—DRUGGISTS—CONFLICT —CONSTRUCTION.  Rem.
Code, § 6262-7, of the state-wide prohibition act, providing that a
druggist convicted of selling intoxicating liquors in violation of the
section shall not, within two years thereafter, sell intoxicating
liquor for any purpose, does not control § 6262-19, providing that no
county auditor shall issue any permit to ship liquor into the state
to any druggist who has theretofore been convicted of violating any
of the liquor laws of the state; since the latter section is the more
specific of the two, and is mandatory in its terms.

SAME.  Such sections are not necessarily conflicting, since one re-
lates to sales and the other only to shipments into the state.

Appeal from a judgment of the superior court for Adams
county, Linn, J., entered August 11, 1916, upon findings in
favor of the plaintiff, in an action for a writ of mandamus,
after a trial on the merits to the court.  Reversed.

[1]Reported in 164 Pac. 236.

*W. O. Miller,* for appellant.

*G. E. Lovell,* for respondents.

ELLIS, C. J.—Action in mandamus to require the county auditor of Adams county to issue to plaintiffs, who are druggists, a permit to ship into the state of Washington intoxicating liquors consigned to themselves. They claim the right under Rem. Code, § 6262-17. There is no dispute as to the facts. Plaintiffs are, and have for some years been, engaged in the drug business in Ritzville, Adams county, Washington. On June 6, 1914, they were both convicted in the superior court of Adams county and fined for a violation of the local option law, Rem. Code, § 6302, prohibiting the sale of intoxicating liquors within a dry unit. On the same day, in the same court, plaintiff H. K. Rosenoff was convicted and fined for a violation of Rem. Code, § 6308, requiring druggists to keep a record of their sales of intoxicating liquors. Thereafter the premises then and now occupied by plaintiffs as druggists were declared by the court to be a nuisance, and plaintiffs were permitted to continue their business therein on giving a bond in the sum of $1,000, as provided in Rem. Code, § 6304. In June, 1916, prior to the commencement of this action, plaintiffs presented to defendant, and filed in defendant's office, an affidavit which, omitting caption, signature and jurat, reads as follows:

"H. K. Rosenoff, being first duly sworn on oath deposes and says: that he (is) a druggist and pharmacist, and a member of the firm of Rosenoff Drug Company, which is a co-partnership.

"That the said co-partnership consists of affiant and Fred Rosenoff, and affiant is one of the co-owners of the said partnership.

"That the location of said firm is in the city of Ritzville, Adams county, Washington, and the said firm is legally engaged in business as druggists and pharmacists at said point.

"That it is necessary from time to time to make shipment of intoxicating liquors; that said liquor is not to be sold in

violation of the laws of the state of Washington, but is obtained for use for purposes permitted by this law only.

"That the applicant for this 'permit' or any of the members of the said partnership, as a partnership, have not been heretofore convicted of any violation of the laws relating to intoxicating liquor of the state of Washington, which will prevent the said partnership from having on hand and selling intoxicating liquors at this time."

Defendant refused to issue the permit, and plaintiffs brought this action.

The trial court, after finding in detail the foregoing facts, entered a judgment ordering defendant, as auditor of Adams county, forthwith to issue to plaintiffs a permit to ship from Missoula, Washington (Montana) to Ritzville, Washington, fifty gallons of whiskey, and awarding to plaintiffs their costs. Defendant appeals.

As justifying his refusal to issue the permit, appellant relies upon certain provisions of the state-wide prohibition law of 1915, as found in Rem. Code. Section 6262-19 declares:

"No county auditor shall issue a permit to any person or druggist or pharmacist who has been convicted of the violation of any of the liquor laws of the state, or to any person other than a druggist or a pharmacist, who is the holder of an internal revenue special tax stamp or receipt, issued by the United States government, permitting or relating to the sale of intoxicating liquor, or to any person not a registered druggist or pharmacist who has, within twenty days immediately preceding, obtained a permit for the shipment of intoxicating liquor."

Section 6262-17, relating to applications for shipment by druggists, declares that the application, among other things, shall state,

"that the applicant for such permit or any of the members of the said partnership, as a partnership, or of the officers, agents or servants in the employ of said corporation and in charge of its business at such location, have not been heretofore convicted of any violation of the laws relating to intoxicating liquor of the state of Washington . . ."

Section 6262-31 declares,

"All persons convicted of any violation of this act where the. punishment therefor is not herein specifically provided shall be punished by a fine of not less than fifty dollars nor more than two hundred fifty dollars, or by imprisonment in the county jail for not less than ten days nor more than three months, or by both such fine and imprisonment."

Appellant knew of respondents' prior convictions. They were matters of record. Presumably they were then, as now, admitted by respondents. In view of the specific inhibition of § 6262-19, and the penalty imposed for any violation of the act by § 6262-31, appellant, possessing such knowledge, might well hesitate to issue the permit.

Appellant first suggests (though respondents expressly disclaim any such contention) that it may be argued that the words "any of the liquor laws of this state," found in § 6262-19, and substantially the same words found in § 6262-17, do not refer to nor include the local option law, nor any law in effect prior to January 1, 1916. The plain purpose was to prescribe as a qualification for those persons who might be permitted to bring intoxicating liquor into this state a prior observance of the laws relating to such liquors as earnest that such persons will not violate the prohibition law in the future. Obviously the applicant's attitude manifested toward prior laws on this subject augurs as much for his future conduct as his attitude manifested toward the existing law. Section 6262-17 requires that the applicant shall file a statement in writing under oath that he has not been "theretofore" convicted of "any" violation of the laws of this state relating to intoxicating liquor. The words "theretofore" and "any" are broad and inclusive as to time and subject-matter. They negative any intention to make only the violation of existing law a disqualification. That the sections in question were intended to include convictions for a violation of prior laws as a disqualification we entertain no doubt.

It is next suggested (though again respondent disclaims any such view) that, if these sections are construed as referring to violations of prior laws, it may be argued that they are *ex post facto* in their nature or viciously retroactive. We find no merit in the suggested contention. The disqualification is not, either in purpose or nature, an additional punishment for past offenses. It therefore does not fall within the inhibition against *ex post facto* laws. Nor are the provisions under discussion retroactive in any objectionable sense. They merely prescribe past conduct as a standard applicable to all druggists by which shall be measured their probable fitness to deal, as druggists are permitted to deal, in intoxicating liquors. They merely exclude from the privilege accorded by the law persons whose past conduct shows they are unfit to receive it. Granting, as must be granted, the power of the state to regulate and even prohibit the liquor traffic, the following authorities clearly sustain in principle the view here expressed: *Foster v. Police Commission*, 102 Cal. 483, 41 Am. St. 194; *Washington v. State*, 75 Ala. 582, 51 Am. Rep. 479; *Crowley v. Christensen*, 137 U. S. 86; *Hawker v. New York*, 170 U. S. 189; *Fox v. Territory*, 2 Wash. Terr. 297, 5 Pac. 603.

But § 6262-7, Rem. Code, declares,

"A druggist or pharmacist who has been convicted of selling intoxicating liquor or of any other act in violation of this section, shall not, within two years thereafter, either personally or by agent, sell intoxicating liquor for any purpose whatsoever; . . ."

A provision substantially the same was contained in the local option law. See Rem. Code, § 6308. Respondents contend (and it is their sole contention here) that this provision is in direct conflict with Rem. Code, § 6262-19, hereinbefore quoted; that the provisions of the latter section are general; that those of § 6262-7, last above quoted, are definite and specific, and that, therefore, they must control as the clearer and more definite expressions of the legislative will.

This position is untenable for two reasons. In the first place, the provisions of § 6262-7 are neither so specific nor so definite as those of § 6262-19. The subject-matters of the two sections are different. The one relates to sales of intoxicating liquors by convicted druggists, the other to the duty of the auditor touching permits requested by convicted druggists to ship such liquors into this state. Section 6262-7 does not expressly authorize an offending druggist to sell liquor after two years from his conviction. It merely implies a *permission.* Section 6262-19 distinctly prohibits the auditor from issuing a permit to any druggist who has been convicted. Its terms are *mandatory.* Even assuming an irreconcilable conflict between the two sections, the provisions of § 6262-19 must control, because they are the more specific, because it is the later in numerical order, and especially because the act of 1915 itself imposes its own rule of construction, declaring in the first section:

"This entire act shall be deemed an exercise of the police power of the state, for the protection of the economic welfare, health, peace and morals of the people of the state, and all of its provisions shall be liberally construed for the accomplishment of that purpose." Rem. Code, § 6262-1.

In the second place, the two sections in question are not in necessary conflict. As before stated they relate to different subjects. Section 6262-7 suspends the right of a convicted druggist for two years after conviction to sell intoxicating liquors. He may have a supply on hand at the time of his conviction. He cannot sell it within two years thereafter for any purpose whatsoever. But that section does not, either expressly nor by necessary implication, authorize him to replenish his stock by further shipments at any time. On the other hand, § 6262-19 does expressly and unequivocally prohibit the county auditor from issuing a permit "to any person or druggist or pharmacist who has been convicted of the violation of any of the liquor laws of this state," and contains no limit on the time or duration of that prohibition,

either expressly or impliedly. It is thus manifest that the two sections have ample fields for independent operation, each to its full extent, without any necessary conflict. In such a case it is elementary that both must be permitted so to operate. The courts will not so construe different provisions of the law as to create a conflict when any other reasonable course is possible.

The judgment is reversed, and the cause is remanded with direction to deny the writ.

MOUNT, FULLERTON, and PARKER, JJ., concur.