## STANFORD *v.* LYNCH *et al.*

1. Quo warranto affords an adequate remedy for the trial of title to a public office; and where title is the sole issue, all equitable jurisdiction is ousted.

2. The plaintiff in error being legally qualified to hold office as a member of the county board of education, and his election also being legal, the trial court erred in holding that his removal from the district where he resided when selected was such an act as worked a forfeiture of his office.

No. 419. JANUARY 15, 1918.

Equitable petition. Before Judge Howard. Harris superior court. May 28, 1917.

J. H. Lynch and others, as citizens and taxpayers of Harris county, filed an equitable petition against L. W. Stanford and J. C. Blanton, as members of the board of education of the county. The prayers were, that the offices of the defendants be declared vacant; that two qualified citizens be appointed to fill the vacancies; and that the defendants be enjoined from serving or attempting to serve as members of the board of education. A temporary restraining order was granted. The defendants filed their demurrers to the petition, upon several grounds, among them that there was a misjoinder of parties, and that the proper remedy was by the writ of quo warranto, and not by equitable petition for injunction, etc. The trial court considered the demurrers when passing upon the merits of the case, but there was no separate judgment sustaining or overruling the demurrers on any of the grounds. At the hearing no evidence was submitted; but the petition alleged, among other things, that Stanford was elected by the grand jury of Harris county to serve as a member of the board of education for a term of four years, he being at the time a resident of Whitaker's district, and at that time there was no other member from that district serving upon the board, and at the time of his appointment Stanford possessed all of the qualifications required by law of a member of the board of education. It was admitted that after Stanford was duly commissioned as a member of the board he removed his residence from Whitaker's district, and that at the time of the hearing he was a resident of another district in the county. The court in its decision, among other things, declared the office of Stanford vacant because of his

change of residence from Whitaker's district. To this judgment Stanford excepted.

*T. T. Miller,* for plaintiff in error. *A. L. Hardy,* contra.

GILBERT, J. (After stating the foregoing facts.)

1. "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." Civil Code (1910), § 5451. A member of a county board of education is a county officer. *Cooper* v. *State,* 101 *Ga.* 783 (29 S. E. 22); *Coleman* v. *Glenn,* 103 *Ga.* 458, 459 (30 S. E. 297, 68 Am. St. R. 108); *Worthy* v. *Cheatham,* 142 *Ga.* 440 (83 S. E. 113). Any citizen and taxpayer of the county has such an interest in such office as would entitle him to institute a proceeding under the above section of the code, against one assuming to hold that office and exercising its functions, for the purpose of inquiring into and determining his legal right thereto. *Davis* v. *Dawson,* 90 *Ga.* 817 (17 S. E. 110). "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law." Civil Code (1910), § 4538. "The incumbent of a public office will not generally be enjoined from performing the duties of that office rightfully or wrongfully where he is a de facto officer. Injunction is not the proper remedy. . . Quo warranto affords an adequate remedy for the trial of title to an office." 22 Cyc. 888. "When the right to an office or franchise is the sole point in controversy, the specific legal remedy afforded by proceedings in quo warranto is held to oust all equitable jurisdiction of the case." High's Ex. Rem. § 619; Throop's Pub. Off. § 850; Mechem's Pub. Off. § 378, p. 307; 32 Cyc. 1423, 1424; *Tupper* v. *Dart,* 104 *Ga.* 179 (30 S. E. 624). Quo warranto is not the remedy where there is no question as to the title to the office, but where it is charged that the officer is guilty of malpractice in office which does not ipso facto work a forfeiture of the office. *McDonough* v. *Bacon,* 143 *Ga.* 283 (84 S. E. 588). "Courts of equity have been loath to interfere in politics, and have invariably declined to do so where any other remedy is open to those seeking to redress supposed public wrongs of a political nature. Nor can the present petition be entertained under the uniform procedure act of 1887, providing that in the trial of civil cases the superior courts of this State

'shall give effect to all the rights of the parties, legal or equitable, or both,' that act expressly excepting from the operation of its provisions proceedings by quo warranto." *Davis* v. *Dawson,* supra; *McCarthy* v. *McKinney,* 137 *Ga.* 292-6 (73 S. E. 394). It is unnecessary to consider any of the issues raised by the demurrers, except that one dealing with the correctness of the remedy.

2. That L. W. Stanford was legally qualified to hold office at the time of his election is not questioned. Having removed from the militia district where he resided at the time of his election, it is insisted that his office is vacated under the following provision of the Code of 1910, § 264: "All offices of the State are vacated by the incumbent ceasing to be a resident of the · . . district for which he was elected." The vice of this contention is that a member of the county board of education is not elected for a district. He is elected from a district for the entire county by the grand jury representing the county as a whole. The jurisdiction of each member of the board of education is coextensive with the county, and is not limited to any one militia district. The statutory provision that the grand jury shall not "select any two of those selected from the same militia district or locality" applies to the members of the board at the time of their selection. As was said in the case of Smith *v.* State, 24 Ind. 101, the facts of which are quite similar to those in the present case, "It will be observed that the section of the statute under consideration does not require a continued residence in the district, but is fully satisfied with the qualification attaching to the person selected at the time his election becomes effective, and he assumes the duties of the office. At that time he takes an oath of office, and assumes the duties and a jurisdiction coextensive with the limits of the county. The previous residence within a particular district has secured in the candidate a local knowledge of the peculiar wants and requirements of that district, and the legislature have deemed this sufficient, without requiring a continued residence within the same limits." See also State of Indiana *v.* Craig, 132 Ind. 54 (31 N. E. 352, 16 L. R. A. 688, 32 Am. St. R. 237). It follows from what has been said that the judgment of the trial court, in so far as it declares the office of Stanford vacant, must be reversed.

*Judgment reversed. All the Justices concur.*