[No. 19139. Department One. June 9, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. LUCY WESTER, *Appellant*.[1]

CONSTITUTIONAL LAW (93)—EX POST FACTO LAWS—RETROACTIVE OPERATION—AS TO RIGHTS AND OBLIGATIONS. The objection to *ex post facto* laws is not available against Rem. 1923 Sup., §§ 8277-2, 8277-9, requiring one who had been lawfully practicing as a barber without a license in an unincorporated town, to submit to an examination in order to obtain a license, while practitioners in incorporated cities and towns were granted licenses without examination, and making practice without a license unlawful; since the provision has reference to qualifications and is not an attempt to punish for past offenses.

SAME (100)— PRIVILEGES AND IMMUNITIES — GRANTS OF SPECIAL PRIVILEGES. Rem. 1923 Sup., § 8277-9, granting to barbers who had been "lawfully" practicing for six months prior to the act the right to a license without examination, if applied for within six months, is not objectionable as granting special privileges as against persons who had been practicing without the license required by former laws.

SAME (45)—POLICE POWER—PUBLIC HEALTH. The provision of Rem. 1923 Sup., § 8277-5, requiring examinations for a barber's license upon subjects that in no wise affect the public health, does not render the law unconstitutional, since it will be presumed that the examining board will give the questions of health and sanitation due importance, and any unreasonable system of grading may be reviewed in an appropriate proceeding.

SAME (133)—DUE PROCESS—PROHIBITION OF BUSINESS—STATUTES —CONSTRUCTION. The prohibition in Rem. 1923 Sup., § 8277-2, against barbering without a license in "any incorporated town" includes incorporated cities, "towns" being used in the generic sense.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 14, 1924, upon a trial and conviction of practicing barbering without a license. Affirmed.

*J. W. A. Nichols* and *Browder Brown*, for appellant.

*J. W. Selden* and *Robert B. Abel*, for respondent.

[1]Reported in 236 Pac. 790.

ASKREN, J.—The defendant was convicted of practicing barbering without a license and, being sentenced by the trial court, has appealed.

Appellant's assignments of error raise the constitutionality of the statute and its construction. The law involved is contained in chapter 75, §§ 2 and 9, Laws of 1923, pp. 229, 231:

"Sec. 2. License Required. It shall be unlawful for any person to follow the occupation of barber or practice as a barber in any incorporated town in this state, unless he shall first have obtained a license as provided in this act.

"Sec. 9. Licenses to Unlicensed Lawful Practitioners. Every person who shall have been continuously and lawfully engaged in practicing the occupation of barber in this state without license for six months prior to the date when this act shall take effect, shall within six months thereafter, make application for license to the State Treasurer, on forms furnished by the Director of Licenses, which said application, together with a fee of five dollars, to be paid by said applicant, shall be disposed of in the manner provided by law in the case of applications for examination for license. It shall be the duty of the Secretary of the Department of Licenses, upon the receipt of such application, accompanied by the Treasurer's duplicate receipt for the fee, to issue to said applicant a license which shall authorize the applicant to practice the occupation of barber in the State of Washington until the first day of July, 1924, and thereafter said applicant shall pay an annual license renewal fee as provided in the case of persons licensed by examination under this act." [Rem. 1923 Sup., §§ 8277-2, 8277-9.]

Appellant was, at the time charged, barbering in the city of Tacoma, and had, after the passage of the law of 1923, applied for a license without examination under § 9 of the act, upon the ground that she had been engaged in barbering in Tacoma for six months prior

to the taking effect of the act. The previous law on this subject (§ 8277, Rem. Comp. Stat.) [P. C. § 413] did not require a license to practice in unincorporated, but did in incorporated, cities and towns. This, appellant did not have. It is her contention that, inasmuch as only those who practiced barbering in incorporated towns were required to have a license, to deprive her of a license without examination is to punish her for a past offense, and it is therefore an *ex post facto* law. Appellant cites a number of authorities in support of this contention, but these authorities have expressly been held not to apply by this court in *Fox v. Territory*, 2 Wash. Terr. 297, 5 Pac. 603, upon the ground that such a provision as this refers to qualifications and is not in any sense an attempt to punish for a past offense. We think it needs no argument to demonstrate the right of the legislature to say that one who has been lawfully following a profession may be admitted without an examination, while those who have been violating the law shall be required to pass one. We have previously upheld statutes of like character. *State ex rel. Smith v. Board of Dental Examiners*, 31 Wash. 492, 72 Pac. 110.; *In re Christensen*, 59 Wash. 314, 109 Pac. 1040; *In re Harold*, 59 Wash. 322, 109 Pac. 1043.

Appellant contends, also, that the words, ''and lawfully,'' create a special privilege to persons practicing outside of incorporated towns, as against persons having practiced in cities. The same point was raised as to the previous law on this subject and decided adversely to appellant's contention, in *State v. Sharpless*, 31 Wash. 191, 71 Pac. 737, 96 Am. St. 893.

Appellant also argues that the law is unconstitutional because § 5 of the act permits examination as to matters which in no wise affect the public health. Section 5 is as follows:

"Sec. 5. Examinations. Examinations shall be held at least four times in each year, at such times and places as the Director of Licenses shall determine. Each applicant shall present himself for examination before the examining committee, and shall be examined as to his skill in properly performing all the duties of a barber, including his ability in the preparation and care of the tools used, shaving, cutting of the hair and beard, and all the various services incident thereto, and as to his knowledge of sanitation as applied to the occupation of barbering, and as to whether he has sufficient knowledge concerning the common diseases of the face and skin to avoid the aggravation and spreading thereof in the practice of the occupation of barber." Laws of 1923, p. 230, § 5 [Rem. 1923 Sup., § 8277-5].

Appellant relies upon *Timmons v. Morris,* 271 Fed. 721, which involved the previous act upon the subject. In that case the system of grading adopted by the board of barber examiners permitted applicants to be rejected simply because they were not skilled in the mechanical matters questioned about, although they were skilled in the subject of health and sanitation, and allowed those to acquire licenses who were skilled mechanically but had no knowledge along lines of public health. It was there held that, since the provisions of health and sanitation in the act were the features thereof that came within the police power of the state and made the act constitutional, one refused a license upon such a system of grading had been wrongfully deprived of the right to practice, and habeas corpus would lie to discharge him from custody after conviction and sentence. There is nothing in the present record to raise this question. It might be before us if the appellant had taken an examination and had been deprived of her right to practice because of the system of grading. The provision in § 5 of the act does not

state the grades that shall be given upon the different subjects regarding which the applicants are to be examined. It must be presumed that the board will give to the questions of health and sanitation the importance that they deserve. If the rules or system of grading adopted by the board should be unreasonable, unwarranted, or arbitrary, such action does not render the law unconstitutional, but the remedy must be in an appropriate proceeding to review the conduct of the board. *In re Thompson,* 36 Wash. 377, 78 Pac. 899, 2 Ann. Cas. 149.

Finally it is contended that the prohibition against barbering applies only in "incorporated towns," and since there are constitutional and statutory provisions which seemingly make a distinction by referring to "cities and towns or counties," "cities, towns and townships," and that the former law used the words "city and town," we should not hold that one who practices barbering in a city comes within the designation of one practicing in an incorporated town. Appellant insists that the word "town" has such a well-defined meaning that, although it may have been the intention of the legislature to include cities, the wording is plain and unambiguous, and we should not be governed by the intention of the legislature. But we think the word "town" is used in the generic sense, and includes cities. *State ex rel. Hartford v. Craig,* 132 Ind. 54, 31 N. E. 352; *Klauber v. Higgins,* 117 Cal. 451, 49 Pac. 466.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.