HUGUNIN *v.* MADISON SCHOOL TOWNSHIP OF DAVIESS COUNTY, INDIANA, ET AL.

[No. 16,425. Filed June 17, 1940. Rehearing denied October 15, 1940. Transfer denied January 21, 1941.]

*Seal & Seal* and *Allen, Hastings & Allen,* all of Washington; and *Edgar T. Laughlin,* of Odon, for appellant.

*Alvin Padgett* and *Arthur Rogers,* both of Washington, for appellees.

STEVENSON, J.—This was an action by the appellant for the recovery of damages against the appellees for breach of a school teacher's contract made with the appellant on the 19th day of July, 1935. The complaint alleged that the public schools of Madison School Township, Daviess County, Indiana, and the School Town of Odon, Indiana, were consolidated under the laws of Indiana and as a result of such consolidation, said public schools were under the jurisdiction and control of a Board of Trustees. The complaint further alleges that the appellant on the 19th day of July, 1935, entered into a written contract with the school board of said consolidated schools whereby the appellant was employed

to teach in said consolidated schools for a term of eight months, beginning September 2, 1935, at and for the agreed price of $1,000.00. A copy of this contract was filed with the complaint and the complaint alleges that the appellees, after the execution of the contract sued upon, failed and refused to permit the, appellant to teach in said schools. Damages in the amount of $1,000.00 were prayed for in the complaint.

To this complaint the appellees filed an answer in four paragraphs. The first paragraph was an answer in general denial, the second, a plea of non est factum. The third paragraph alleged that the appellant had been employed at other gainful employment and, by reason of such employment, had not been damaged. The fourth paragraph alleged failure on the part of the plaintiff to exercise reasonable diligence in seeking other employment. Replies in general denial to these affirmative paragraphs of answer closed the issues. The case was submitted to the court for trial and after the evidence was heard, the court found for the appellees and rendered judgment against the appellant on his complaint. A motion for new trial was filed and overruled and this ruling is the only error assigned on appeal.

Under this assignment the appellant contends that the decision of the court is not sustained by sufficient evidence and is contrary to law. The evidence discloses that Madison School Township, Daviess County, Indiana, and the School Town of Odon, Indiana, were consolidated for school purposes under the provisions of the Acts of the General Assembly of Indiana, 1917, Chapter 148, § 28-1220, Burns' 1933. This consolidated school was operated by a Board of Trustees, two of whom were appointed by the Board of Trustees of the Town of Odon, and the third member was the township

trustee of Madison Township. On the first Monday of January, 1935, Joseph C. Harris took office as trustee of Madison Township and became a member of the Board of Trustees for said consolidated schools. At that time Walter Harmon was a member of said school board and W. R. Correll was also a member whose term of office expired August 1, 1936. At that time Walter Harmon resided in the township outside of the Town of Odon, and was a freeholder in said township.

On February 27, 1935, the said Harmon moved from his residence in the township into the Town of Odon. An effort was made by the Board of Trustees in April, 1935, to declare the office held by Mr. Harmon vacant because of his removal into the Town of Odon, but Mr. Harmon refused to vacate his office and no record of the appointment of any one to fill his place was made.

On July 19, 1935, the record discloses the following action by the Board of Trustees of the consolidated schools:

"The School Board met in·special called session, upon the call of the president, W. R. Harmon, for the purpose of filling vacancies in the teaching staff caused by the failure of the following elected teachers to sign their contracts and some resignations.

"Florence Baker returned her contract and Esther Arford was elected in her place—salary $800.00.

"Nellie Cooper failed to sign her contract and Paris Crane was elected in her place—salary $800.00.

"Eleanor Gantz failed to sign her contract and Elbert Hugunin was elected in her place—salary $1,000.00.

"Esther Barkley tendered her resignation and Martha (Taylor) Freshley was elected in her place —salary $950.00."

Following this meeting a contract was prepared and signed by the appellant and Walter Harmon and W. R. Correll on the 19th day of July, 1935. There is evidence that this contract was signed by the appellant and by Mr. Correll and Mr. Harmon at the residence of Mr. Davis, the Superintendent of Schools at that time.

It is contended by the appellees that after Walter Harmon moved from Madison Township into the Town of Odon on February 27, 1935, he became disqualified under the law to act as a school trustee and that because of such removal, he was not a trustee of the consolidated schools on July 19, 1935, when the appellant's purported contract was signed. The statute under which the appellees were operating provides that such consolidated schools shall be under the control and management of a board composed of three school trustees, one of whom shall be the township trustee and the other two shall be elected by the Board of Trustees of such town. The provision of the staute governing such election reads as follows:

"The board of trustees of such town, or the common council of such city, shall, at a regular meeting, or at a special meeting called for the purpose, in the month of July prior to said first day of August, elect two (2) school trustees, one (1) member of which board shall be a resident of said town or city, and one (1) member of which board shall be a resident of the township in the territory outside said town or city, who shall be of opposite political faith, as members of said school board, who shall hold their offices for one and two (1 and 2) years respectively, from and after the first day of the next succeeding month." § 28-1224, Burns' 1933.

A statute enacted in 1927 further provides that the member of said board of school trustees who shall be

a resident of the township in the territory outside of said town shall be a householder and freeholder of said township residing outside of said town. § 28-1229, Burns' 1933.

The question therefore presented for our consideration is whether or not the removal of Walter Harmon from the township into the town vacated his office as trustee.

While the statute provides that in the selection of trustees to control and manage consolidated schools one such trustee shall be selected from the township outside the corporate limits of the town, it will be noted that such statute does not require continuous residence therein following such appointment. It is our opinion, therefore, that the removal of such trustee from the township into the incorporated town does not of itself have the effect of creating a vacancy in such office. The duties of the trustee of a consolidated school are coextensive with the territorial limits of the township in which such consolidated school is located. He is not an officer of the township exclusive of the territorial limits of the town.

It has been held by our Supreme Court in the case of *Smith* v. *State* (1865), 24 Ind. 101, that the removal of a county commissioner from the district where he resided at the time of his election into another district in the county does not operate to vacate the office. Here the court said:

> "The previous residence within a particular district has secured in the candidate a local knowledge of the peculiar wants and requirements of that district, and the legislature have deemed this sufficient, without requiring a continued residence within the same limits."

Again in the case of *State ex rel. Hartford* v. *Craig* (1892), 132 Ind. 54, 31 N. E. 352, our Supreme Court

has held that the removal of a city councilman from the ward from which he was elected into another ward of the same city does not of itself have the effect of creating a vacancy in such office.

It is our opinion, therefore, that in the case at bar, the removal of Mr. Harmon from the township of Madison into the Town of Odon did not create a vacancy in the office of Trustee. He was accordingly acting within the scope of his official duties as such trustee in participating in the meeting of the Board of Trustees held on July 19, 1935, at which time the contract of employment was awarded to the appellant. While the record discloses that the contract in suit was not signed while the Board of Trustees was actually in session, this fact, however, does not invalidate such contract. This question was before the court in the case of *The School Town of Milford* v. *Zeigler* (1891), 1 Ind. App. 138, 143, 27 N. E. 303, wherein this court said:

> "It is claimed by the appellant that the contract was not entered into as a board; that Alexander, one of the trustees, signed it at one time, and Stafford, another trustee, at another time. The signing of the contract at different times can have no material effect upon the question, as the complaint alleges that the board in session passed an order, entered of record, employing the appellee to teach the school, and this is not controverted by the answer. There was an employment, and the subsequent signing at different times by the trustees so signing made no difference."

It is clear from the record in this case that the Board of Trustees in their special meeting awarded the contract of employment to the appellant when they "elected" him to fill the place formerly awarded to Eleanor Gantz, and fixed his salary at $1,000.00. This was a sufficient record of the proceed-

ings of the Board in the absence of a statute requiring a complete report of all proceedings. *Union School Township* v. *Moon* (1933), 205 Ind. 514, 187 N. E. 332.

The appellees further contend that the appellant has failed to establish the fact that his teacher's license was registered with the superintendent of the appellees' consolidated schools as required by the provisions of § 28-4208, Burns' 1933. This statute provides that:

> "No person, after December 1, 1923, may be employed as superintendent, assistant superintendent, supervisor, principal, teacher, attendance officer, or as any other kind of regular school employee unless such person holds a license issued by the state board of education of the kind and grade required for the particular position, and such license is registered with the proper superintendent."

It is true that county superintendents, town superintendents, and city superintendents are required to register and keep a record of the kind and grade of licenses held by teachers (§ 28-4217, Burns' 1933). Our Supreme Court has held that consolidated schools of the kind involved herein partake of the form and character of town and city schools. *Harris* v. *State ex rel. Allen* (1937), 212 Ind. 386, 8 N. E. (2d) 594. The matter of registering and keeping a complete record of the kind and grade of licenses held by teachers in such schools is a duty imposed upon the superintendent thereof. The record discloses that the appellant's license was properly issued and was registered with the county superintendent of schools for Daviess County. There is no showing that such license was registered with the superintendent of appellee's consolidated schools. Such registration, however, was not a condition precedent to the appellant's right of recovery for breach of contract. *State ex rel. Clark* v. *Stout, Trustee* (1934), 206 Ind. 58, 187 N. E. 267.

In view of what we have said, we believe that the court was in error in overruling the motion for new trial. The judgment of the trial court is reversed with instructions to sustain the appellant's motion for new trial and for further proceedings consistent with this opinion.

Judgment reversed.

NOTE.—Reported in 27 N. E. (2d) 926.