## 29248. CHANDLER v. STRONG.

NICHOLS, Presiding Justice.

This is an appeal from a judgment dismissing a quo warranto petition for "failure to state a claim upon which relief can be granted."

The Act of 1966 (Ga. L. 1966, p. 3305) provides that the Hall County Board of Commissioners of Roads and Revenues shall be composed of five members. This Act provides in part: "The board of commissioners of roads and revenues shall be composed of five members, one from each of the four commissioner districts provided for hereinafter and one from the county at large who shall be chairman. Persons qualifying as candidates for membership on the board shall designate whether they are qualifying as a candidate for a district membership or for chairman. In order to represent a district a person must be a resident of said district. All five members, however, shall be elected by the voters of the entire county. . . No person shall be elected as a member of the Board unless such person is at least 25 years of age, of good moral character, and experienced and qualified in the transaction of business. In the event a vacancy occurs on the Board, it shall be filled in the same manner as provided for filling vacancies in the recall provisions of this Act."

The complaint alleges that the respondent after having been elected and qualified as the commissioner representing District Three on the Hall County Board of Commissioners of Roads and Revenues removed his resi-

dence from such third district to another district in Hall County and is therefore no longer qualified to represent the third district.

While numerous defenses were filed by the respondent and motions for summary judgment were filed, the trial court expressly did not pass upon any question other than the respondent's first defense quoted above. Accordingly, the only questions presented to this court are (1) whether or not Code § 89-501 (5) is applicable to Hall County and (2) whether a vacancy in a district commissioner's office would occur where he moves his residence outside the district where he resided at the time of his election.

In *Stanford v. Lynch,* 147 Ga. 518 (94 SE 1001), a case which involved the question of whether a member of a county board of education, appointed by the grand jury as a representative from a designated militia district, was subject to being removed from office when he moved his residence to another militia district where another member of the county board of education resided. It was there said: "Having removed from the militia district where he resided at the time of his election, it is insisted that his office is vacated under the following provision of the Code of 1910, § 264: 'All offices of the State are vacated by the incumbent ceasing to be a resident of the . . .district for which he was elected.' The vice of this contention is that a member of the county board of education is not elected for a district. He is elected from a district for the entire county by the grand jury representing the county as a whole. The jurisdiction of each member of the board of education is coextensive with the county, and is not limited to any one militia district. The statutory provision that the grand jury shall not 'select any two of those selected from the same militia district or locality' applies to the members of the board at the time of their selection. As was said in the case of Smith v. State, 24 Ind. 101, the facts of which are quite similar to those in the present case, 'It will be observed that the section of the statute under consideration does not require a continued residence in the district, but is fully satisfied with qualification attaching to the person selected at the time his election becomes effective, and

he assumed the duties of the office. At that time he takes an oath of office, and assumes the duties and a jurisdiction coextensive with the limits of the county. The previous residence within a particular district has secured in the candidate a local knowledge of the peculiar wants and requirements of that district, and the legislature have deemed this sufficient, without requiring a continued residence within the same limits.' See also State of Indiana v. Craig, 132 Ind. 54 (31 NE 352, 16 LRA 688, 32 ASR 237)."

The following year (Ga. L. 1919, pp. 288, 321; Code Ann. § 32-903) the General Assembly expressly provided that "Whenever a member of the board of education moves his residence into a militia district where another member of the board resides, or into a district or municipality that has an independent local school system, the member changing his residence shall immediately cease to be on the board and the vacancy shall be filled as required by law." No change, however, was made in Section 264 of the Code of 1910 (Code § 89-501).

Applying the law set forth in *Stanford v. Lynch,* supra, to the facts of the present case, the respondent was required to be a resident of the designated area of Hall County at the time of his election, but he was not elected by the residents of this area of the county to represent only the residents in such area. On the contrary he was elected from such area by the entire county to represent the county as a whole. Thus, while Code § 89-501 is applicable to county commissioners, yet where as in Hall County they are elected from districts by the entire electorate of the county, in the absence of a specific provision of the local Act creating such board, their office is not vacated by removing their residence from the area from which they are elected and into another area of the county.

The trial court did not err in sustaining the motion to dismiss the complaint for failure to state a claim.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1974 — DECIDED OCTOBER 29, 1974.

*Troy R. Millikan, Robinson, Harben & Armstrong,* for appellant.

*Whelchel, Dunlap & Gignilliat, Wright Willingham,* for appellee.