## Harris *et al. vs.* Pounds *et al.*

In a contest between two sets of trustees of a camp-meeting ground, one holding an appointment under the quarterly conference of the Methodist church, and the other under a grant from the superior court by virtue of authority claimed to be derived from the act of 1872—Code, §1677—and both claiming to hold the title for the use of the Methodist church of Warren county for camp-meeting worship, and no allegation being made that either has interfered or threatens to interfere with the beneficiaries in the enjoyment of the religious worship at said camp ground, equity will not interfere by injunction, but will leave the parties to settle the legal title by information in the nature of a *quo warranto*.

Equity. Injunction. Trusts. Before Judge Pottle. Wilkes Superior Court. November Term, 1879.

Pounds *et al.* filed their bill in Wilkes superior court against Harris *et al.*, setting out the following facts:

That some time prior to the 31st of December, 1838,

John Nisbet and Aaron T. Kendrick deeded to Fuller and others, trustees of Fountain Methodist Episcopal Campground, at Fountain, Warren county, 200 acres of land for the use of the Methodist Episcopal church of Warren county ; that the deed has been lost, according to the information and belief of complainants, and that they also believe that the record of the same was destroyed by fire. That on the 31st of December, 1838, the legislature incorporated for thirty years " The M. E. Camp-ground, in the county of Warren, known by the name of ' Fountain Campground,'" naming as incorporators Aaron T. Kendrick and all the grantees in said deed and their successors in office, giving them the power and authority usual in such charters. That the third section of said charter provided as follows : "And be it further enacted, that when any vacancy may happen in the trustees by death, resignation or otherwise, that a majority of the trustees in office shall be, and are hereby, required to fill any and every such vacancy or vacancies from time to time." That on the expiration of said charter, no renewal was made until the 7th of April, 1877, when, by an order of the superior court of Warren county, defendants, as trustees of said camp-ground, were named as incorporators, and said camp-ground again incorporated. That they were never elected trustees by the M. E. church or its authority ; that the said church allowed them to remain until September, 1878, when, they refusing to report to said church and acknowledge its authority, said church, under its laws, dismissed them from office and appointed complainants as trustees of said camp-ground. That defendants refuse to surrender the said camp-ground to complainants, and threaten to proceed against them as trespassers should they enter on said camp-ground. The bill then refers to the act of 1805—Code, §§2343 *et seq.*— and recites that complainants have had their appointment recorded as therein required. The bill prays for an injunction against defendants, to restrain them from holding the camp-ground, etc., and that they may be removed from

office. Defendants demurred to the bill on the following grounds :

1st. Because there is no equity in the bill.

2d. Because title to the land embraced in the original deed and charters was never in trustees of M. E. church, nor were they ever amenable as such trustees to the discipline of said church, but title to said land was and is in other trustees, who are in no way subject to said church's authority.

3d. Because complainants have no authority to act as trustees of said camp-ground, not having been elected trustees as is required in original deed and the acts of and order of incorporation, as set out in exhibits to said bill.

4th. Because complainants have full and adequate relief for all their alleged wrongs in an ejectment suit in a common law court.

On the hearing, the court overruled the demurrer and granted the injunction, and defendants excepted.

W. M. & M. P. REESE ; C. S. DuBose, for plaintiffs in, error.

W. D. Tutt, for defendants.

JACKSON, Justice.

It is quite clear that equity has jurisdiction over charities and religious trusts and uses in a particular and special manner under our Code. §§3155, 3157, 3158. Indeed it has such jurisdiction over trusts generally, Code, §3193, but especially over such trusts and uses as those set up in this bill. Therefore we cannot say that the chancellor should have dismissed the bill. Perhaps he was right to retain it until the question of the legal title to the trusteeship of this camp-ground could be tried and settled at law.

But the question here is not whether the bill should be dismissed ; it is, ought the injunction to have been granted ? It seems that the trustees of both sides claimed the right to

administer the trust.   Neither set, apparently from all the allegations in the bill, set up any title adverse to the beneficiaries or uses to which the ground was dedicated.   Both sets appear from the allegations in the bill to be Methodists, and the only difference seems this, that the one holds under appointment of the quarterly conference, the other under the court.   Those holding under the court are in possession, it seems, and the effect of the chancellor's judgment or decree is to turn them out of, and put the others in control of, the grounds.   An injunction restrains; it does not oust; its effect is to leave disputants in *statu quo;* it does not actively intervene so as to change possession under a *de facto* title; at least, such is the scope of an interlocutory injunction which only stands until the hearing, and which is the act of the chancellor alone before the facts are found by the jury.   .

The trustees who claim to be in under the appointment of the court are certainly in *de facto*, and the question of their title ought to be settled by the proper tribunal, we think, before they should be ejected and others put in possession and control.   So it was ruled substantially in *Hussey vs. Gallagher*, 61 *Ga.*, 86.

It is true that the defendants do not appear to have followed the act with exactness under which they claim their appointment, and when properly investigated under an information in the nature of a *quo warranto*, it may be made to appear that their title is worthless.   It seems to us, however, that a proceeding at law of that sort is the remedy of complainants under the allegations of their bill.   They do not allege that defendants are preventing, or threatening to prevent, the Methodist people of Warren county from worship at the camp-ground.   It is true that it is charged that they have done something which is not acceptable to the quarterly conference, but what that is is not distinctly alleged, except that they do not make returns to that body. If they were interfering with worship at the grounds, or otherwise using the land for their own emolument, or

changing the use and directing it to purposes inconsistent with the trust, then equity would restrain until the hearing, and on the hearing grant full relief ; but no such allegations are made in the bill, and no depositions were exhibited on either side, no answer put in, but every fact on which the chancellor acted is set out in the bill.

While, therefore, on a *quo warranto* it may appear that these defendants are not entitled to the trust, because more than five applied to the court, and because camp-grounds are not apparently within the statute under which they hold—see Code, §1677 ; yet we hold that no reason appears in the bill why the harsh remedy of interlocutory injunction should be used against them.

Judgment reversed.