## McCARTHY *et al. v.* McKINNEY.

1. Where an election was held by an authorized lodge or convention of a domestic private corporation for officers of said institution on Sunday, the predecessor in office of the one elected can not resort to a court of equity in order to assert her rights to the office to which she claims to have been elected, and to enjoin the successor in office from holding and receiving the salary attached to the office.

2. Where an adequate remedy is provided by law, to test the title to an office claimed by each of two contestants, equity will not entertain jurisdiction of the case in order to adjudicate the private rights of the parties.

3. Equity will not enjoin de facto officers of a private corporation from discharging the duties of those offices and receiving the salaries thereof, where a clear remedy is provided by law for testing the rights of the parties to hold those offices.

4. If the title of an officer of a private corporation is contested by one claiming to have the legal right to the office and the salary thereof, the proper remedy to settle such title is by information in the nature of quo warranto.

DECEMBER 15, 1911.

Equitable petition. Before Judge Frank Park. Dougherty superior court. March 28, 1911.

*Pope & Bennet,* for plaintiffs in error. *R. J. Bacon,* contra.

HILL, J.   L. E. McKinney filed her equitable petition in Dougherty superior court, against Charlie McCarthy and the "Supreme

Circle of Benevolence of the United States of America, a corporation of said county," alleging: that she was duly elected and qualified secretary of said corporation at the last meeting prior to October, 1909, and had discharged the duties of said office as such to October, 1909; that said McCarthy, prior to October, 1909, was elected and qualified as treasurer of said Supreme Circle; that plaintiff is still the elected and qualified secretary, by reason of the failure of the Supreme Circle to elect a successor to plaintiff under the rules of said Supreme Circle, which provide that the supreme secretary and the other officers named "shall serve one year, or until their successors are elected;" that at the last meeting of the Grand Lodge of said Supreme Circle there was a failure to elect a successor to petitioner, the law of the supreme lodge being that the Supreme Circle shall not meet later than eleven o'clock p. m., whereas, it is alleged, one Joseph H. Watson, who was in league with said McCarthy, in order to secure the position held by plaintiff, induced the Grand Lodge to remain in session after eleven o'clock Saturday night, after the greater portion of the delegates to the Grand Lodge had gone home, and charges were preferred against petitioner, which had previously been investigated and plaintiff was completely exonerated of said charges; that the election so brought about was illegal, because it was after eleven o'clock p. m., and on Sunday, no notice being given of said election; that it was not participated in by plaintiff, but was held by a fraction of the members of the Grand Lodge between one and two o'clock Sunday morning, and at said election said Charlie McCarthy was elected supreme secretary, and plaintiff supreme treasurer; that the office of supreme treasurer is as responsible as that of supreme secretary, but the former pays only $300 per annum, and the latter $720 per annum, and the purpose of the election of the said Charlie McCarthy was to deprive plaintiff of the right to hold said office of supreme secretary and draw the salary incident thereto; that plaintiff refused to act as treasurer under said election, because she insists that the elections aforesaid are illegal for the reasons given, and that she is still supreme secretary under her former election and tenure of office; that she is ready and willing and has offered her services as supreme secretary as aforesaid, and desires to continue in said office until her successor is duly elected and qualified; that said Supreme Circle is a private corporation .

having for its object benevolence in the way of sick benefits and burial expenses of its members. Several amendments to said petition were allowed by the court, setting forth the duties of various officers of said Supreme Circle. The prayer of the petition was: (1) That McCarthy be enjoined from acting as supreme secretary, and from receiving any salary as such from the Supreme Circle. (2) That petitioner recover judgment of the Supreme Circle and said McCarthy for all salary or salaries heretofore paid by the Supreme Circle to him, "if any shall be shown to have been paid, and for any and all payments that shall or may be made to said McCarthy hereafter for services rendered in the capacity of supreme secretary, and of said Supreme Circle for any salary of the supreme secretary due or to become due to your petitioner." (3) To have the entire election declared illegal, and "the contracts made by said corporation by the selection and appointment of the officers of supreme secretary as aforesaid on said date, and the contract binding said Supreme Circle thereto, surrendered up and canceled as a violation of the laws of Georgia and fraudulent and void and ultra vires, and the records of said illegal action expunged as unauthorized and illegal."

The defendants filed general demurrers to the petition as amended, which demurrers were overruled by the court, and this judgment is assigned as error.

1. We think the court erred in overruling the general demurrer in this case. The petition and amendments thereto do not set forth such a cause of action as would bring it within the jurisdiction of a court of equity. The facts are substantially as stated above. The prayers of the petition are: (1) To enjoin the defendant McCarthy from acting as supreme secretary and from receiving any salary from "the Supreme Circle." (2) To enjoin the corporation from interfering with the plaintiff in the pursuance of her duties as secretary. (3) That the election of the defendant and all other officers elected at the Grand Lodge at Valdosta, "and the contracts binding the Supreme Circle thereto," be declared illegal and canceled. It appears from the petition that the plaintiff had been the duly elected and qualified secretary of the "Supreme Circle of Benevolence," and acted as such until defendant was elected by those in authority at the Grand Lodge, which convened at Valdosta on October 3, 1909. The plaintiff insists that the elec-

tion of McCarthy as supreme secretary was brought about by fraud and collusion, and occurred on Sunday, contrary to the laws of the Supreme Circle and of the State. She insists that she was elected as supreme secretary for one year and until her successor was duly elected and qualified; and that, as no legal election had been held, she was the duly qualified supreme secretary, with the right to hold and exercise the duties of said office and receive the salary for same until her successor was legally elected and qualified, but that the defendant under his pretended claim of election was holding the office and receiving the salary, to both of which plaintiff was entitled, etc. The corporation, "the Supreme Circle," was a party defendant to this suit, and, so far as the record discloses, offered no objection to McCarthy holding said office or receiving the salary attached thereto. It must be assumed, therefore, that McCarthy is at least a de facto officer, exercising the duties of supreme secretary with the knowledge and consent of the corporation itself. The plaintiff filed her equitable petition in her individual capacity, to restrain McCarthy from exercising the duties of the office of which she claims to be the rightful occupant, and to prevent the corporation from paying him the salary due the supreme secretary rightfully entitled thereto. The suit is not filed by the plaintiff as a stockholder of the corporation for a misappropriation of the funds of the corporation, but as an individual to prevent the corporation from paying McCarthy the salary due the secretary, and to enjoin him from discharging the duties of the office. We think this does not make a proper case for a court of equity. We hold, if the plaintiff had the right, by election or tenure of office, to the position of secretary of the order to which she belonged, and some one else claimed a similar right to the office and the salary, that an ample remedy is provided by law for testing her claim of right to the office. She could proceed by information in the nature of quo warranto, without resorting to a court of equity. The law declares that "Equity will not take cognizance of a plain legal right, when an adequate and complete remedy is provided by law," etc. Civil Code (1910), § 4538.

In the case of *Hussey* v. *Gallagher,* 61 *Ga.* 90, this court said that "the application to restrain the officers de facto of such a corporation as this is quite rare, and equity, even if there were salaries attached to these offices, will not usually, perhaps never, interfere

in such cases, but leave the contesting parties, as far as the election is concerned, to their remedy by an information in the nature of a quo warranto." If the title to the office of secretary is in question (and the pleadings put it in question), then quo warranto proceedings seem ample to determine the issue as to who was legally elected and entitled thereto. And before the plaintiff could recover in a suit for the salary, she must first establish her right to the office. In such a case injunction can not be invoked, but equity will leave the parties to settle the legal title to the office by information in the nature of quo warranto. *Harris* v. *Pounds*, 64 *Ga.* 121; 1 Thomp. Corp. (5th ed.) § 941, and cases cited; 32 Cyc. 1426-1427.

It has been held that it is not the province of equity to decide the right to an office. And "where an injunction to prevent an officer from acting as such is really to test the validity of his election, it will be refused." 22 Cyc. 878-879, and citations. Nor is injunction the proper remedy for the removal of an officer, nor for restoring one wrongfully removed. Ibid. It is true that where public officers are acting illegally, or without authority and in breach of trust, and are causing irreparable injury, . . they will be enjoined. 22 Cyc. 879. But no such allegation appears in the petition of the plaintiff. She simply claims the right to the office of secretary and its emoluments as an individual, which is also claimed by the defendant McCarthy, and she prays a court of equity to enjoin him from exercising the duties of the office, etc. No irreparable damage is alleged, or such other facts as would give a court of equity jurisdiction. Nor is this a suit for damages or for salary alleged to be due. It is nowhere alleged in the plaintiff's petition that the corporation is insolvent, or the damage irreparable, or that the corporation of which she is a member is misappropriating the funds of such corporation, or such other facts set out as would give jurisdiction to a court of equity. Nor is there any definite allegation in the plaintiff's petition that any salary has been paid McCarthy; and even if there were, we fail to see how a court of equity could be invoked by one who is claiming in her individual right merely as a rival elect secretary, to enjoin the payment of such salary. It might be otherwise if the funds of the corporation were alleged by some member of the corporation to be misappropriated by some of the officers. Then the plaintiff, if a stockholder, or some other one of the stockholders, as such, could undoubtedly ap-

ply to a court of equity for proper relief. *Atlanta Real Estate Co.* v. *Atlanta National Bank, 75 Ga.* 40.

In arriving at the conclusion that an application for leave to file an information in the nature of quo warranto is the proper remedy by which the rights of the plaintiff in this case to an office in a private corporation can be tested in the courts of law in this State, rather than by proceedings in a court of equity, we are not unmindful of the doubts expressed on this subject by Judge Benning in the case of *Cole* v. *Dyer, 29 Ga.* 437; nor of the language of the code, which was adopted after the decision in the 29 *Ga.,* just referred to. It may be that the section of the code with reference to quo warranto was incorporated to meet the decision in the case of *Cole* v. *Dyer,* supra. At any rate, section 5451 of the Civil Code of 1910 provides that "The writ of quo warranto may issue to inquire into the right of any person to any public office, the duties of which he is in fact discharging; but must be granted at the suit of some person either claiming the office or interested therein." See also Civil Code (1910), § 5454. It will thus be seen that the section of the code cited apparently confines the remedy of quo warranto to a person inquiring into the right of another person to any "public" office, etc.; and while, as an original proposition, we might or might not have placed the construction on that section of the code that was placed on it by this court in *Hussey* v. *Gallagher, 61 Ga.* 91, and *Harris* v. *Pounds, 64 Ga.* 121, yet, as this court in the *Harris* case, supra, definitely ruled, that "In a contest between two sets of trustees of a campmeeting ground, one holding an appointment under the quarterly conference of the Methodist Church, and the other under a grant from the superior court by virtue of authority claimed to be derived from the act of 1872 (Code, § 1677), and both claiming to hold the title for the use of the Methodist Church of Warren county for campmeeting worship, and no allegation being made that either has interfered or threatened to interfere with the beneficiaries in the enjoyment of the religious worship at said camp ground, equity will not interfere by injunction, but will leave the parties to settle the legal title by information in the nature of quo warranto," we feel constrained to adhere to the ruling there made, especially as it is in accord with the weight of American authority on this subject. The decision in 64 *Ga.* was rendered in 1879, after the section of the code referred

to was adopted as the law of the State; and we must assume that said decision was rendered with the full knowledge of this court of its existence in the code. And the ruling made in the case of *Harris* v. *Pounds,* supra, cites with approval the decision in the case of *Hussey* v. *Gallagher,* 61 *Ga.* 86, where it was held to the same effect that quo warranto was the proper remedy to test the title to a private office. Relying, therefore, upon the definite ruling made by this court in the case of *Harris* v. *Pounds,* we must likewise hold that in the present case the plaintiff's remedy is by information in the nature of quo warranto, and not by resort to a court of equity for injunction to restrain defendant from exercising the duties of supreme secretary, and collecting the salary of same, or to enforce the other prayers in the petition. In view of the ruling here made, it will not be necessary to decide the other question— whether the election alleged to have been held on Sunday was void; as that question can be determined on proper proceedings in the superior court.

*Judgment reversed. All the Justices concur.*