CLARKE *et al. v.* LONG *et al.*

1. Where the purpose is to declare a public office vacant, any citizen and taxpayer may file a proceeding in the nature of quo warranto.
2. Membership of a county board of education is a public office.
3. The provision in section 78 of the act approved August 19, 1919 (Acts 1919, p. 288), relating to the codification of the school laws of Georgia, that "The county board of education shall consist of five (5) members as now provided by law and selected by the grand jury as now provided by law, except that the grand jury in selecting such members shall not select one of their own number then in session, nor shall they select any two of those selected from the same militia district or locality," is mandatory, and the election of a member of the county board of education in violation of this provision creates no title to the office in the person thus selected; and quo warranto proceedings will lie for the purpose of declaring such office vacant.

No. 2506.   FEBRUARY 15, 1922.

Quo warranto.   Before Judge Sheppard.   McIntosh superior court.   February 22, 1921.

*Tyson & Tyson,* for plaintiffs in error.   *Edwin A. Cohen,* contra.

FISH, C. J.   On January 18, 1921, the defendants in error presented to the judge of the superior court of McIntosh County their petition for leave to file an information in the nature of quo warranto, and for a writ of quo warranto, against the plaintiffs in error as members of the board of education of the county, alleging that there was a resident member of the board in the 271st militia district, and that the grand jury at the December term, 1920, of the superior court had selected and elected the plaintiffs in error as members of the board of education to succeed themselves, and, both being residents of the 271st militia district, the election was null and void; and petitioners obtained a rule nisi calling upon the plaintiffs in error to show cause before the judge, on January 27, 1921, why the prayers of relators should not be granted.   The petition alleged that the plaintiffs in error, under the election by the grand jury, had qualified and were commissioned and were discharging the duties of their offices as members of the board of education; that relators were citizens and taxpayers of the county, and interested in the conduct of the affairs of the board of education, and that certain specified districts in the county were not represented on the board.

The defendants filed general and special demurrers to this petition.   The petitioners offered certain amendments, one cura-

tive of the defects in the petition, and another descriptive of certain persons referred to in the petition. This last amendment was rejected by the court. The demurrers were overruled. After considering the case the court sustained the application for quo warranto, and declared the offices vacant. The respondents excepted.

"The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." Civil Code, § 5451. A member of a county board of education is a county officer. *Stanford* v. *Lynch,* 147 *Ga.* 518 (94 S. E. 1001). The purpose of the present application for leave to file proceedings in the nature of quo warranto was to declare the office in question vacant; and where such is the purpose, any citizen and taxpayer may file such a proceeding. *Hathcock* v. *McGouirk,* 119 *Ga.* 973, 978 (47 S. E. 563). The fact that the applicants were citizens and taxpayers of the county made them "interested" in the office, in the sense in which that word is used in the code section above quoted, relating to the quo warranto. *Davis* v. *City Council of Dawson,* 90 *Ga.* 817 (17 S. E. 110) ; *Stanford* v. *Lynch,* supra.

That, then, brings us to the inquiry into the right of the respondents to the office to which they had been elected by the grand jury. From the allegations of the application and the response it appears to be uncontroverted that the grand jury, so far as relates to the form of the proceedings, elected the respondents. But these respondents were residents of the 271st militia district, and there was already on the board a resident of this district. In such a case, could the grand jury legally elect the respondents to the board? Section 78 of an act entitled "An act to codify the school laws of the State of Georgia, etc.," approved August 19, 1919 (Acts 1919, p. 288), declares that "The county board of education shall consist of five (5) members as now provided by law and selected by the grand jury as now provided by law, except that the grand jury in selecting such members shall not select one of their own number then in session, nor shall they select any two of those selected from the same militia district or locality." This provision is mandatory; and an election of two members of the county board of education from one district, and

especially where the district already has a member on the board, falls directly within the inhibition of the words, "nor shall they [the grand jury] select any two from the same militia district," and the selection of two members of the board in violation of this provision of the statute was void, and a member selected in violation of this provision has no title to the office to which he was thus called. That being true, upon the application of parties interested in the office as citizens and taxpayers, for the writ of quo warranto, the writ may issue for the purpose of declaring the office vacant. The judge did not err in overruling the demurrers to the application; and the essential facts being uncontroverted, he properly passed upon the petition and the response thereto, and held that under the facts shown the office in question should be declared vacant. *Judgment affirmed. All the Justices concur.*