DAVIS *et al. v.* MATTHEWS *et al.*

No. 7226, OCTOBER 18, 1929.

J. C. *Bennett* and J. P. *Highsmith,* for plaintiffs in error.
*John Rogers* and *Gordon Knox,* contra.

GILBERT, J.   Three members of the board of aldermen of the City of Hazlehurst, as such aldermen, brought suit against the mayor and an individual, alleging that the mayor had, without authority and contrary to the charter of the city, discharged the legally elected chief of police and marshal and appointed another, the codefendant, to fill said office; that the mayor without authority had unlawfully furnished to said appointee a police badge, and had unlawfully and illegally attempted to clothe and invest the latter with police powers; that said appointee was undertaking to exercise such authority; that the mayor had unlawfully broken and destroyed the locks from the city jail, purchased and placed thereon other locks, and delivered the keys to said appointee, who was exercising other duties imposed by law on the chief of police of said city.   The prayers were that the mayor and his appointee be enjoined from further molesting or destroying the property of the city, and from interfering with petitioners in the discharge of their duties; and that said appointee of the mayor be enjoined from discharging any of the duties and from serving as a police officer.   An amendment inserted in the petition, after the description of the plaintiffs as members of the aldermanic board, the words "and as citizens of said city, taxpayers thereof, and for the use and benefit of other citizens and taxpayers similarly situated," and added other allegations which need not be stated.   The defendants demurred to the petition and objected to the amendment on the ground that no cause of action was set out, and that the petitioners were not entitled to sue for or have the relief sought.   The defendants also answered.   The court declined to pass on the demurrer, and granted an interlocutory injunction.

The charter of the City of Hazlehurst provides for an election by the mayor and council of some person to act as chief of police and marshal. The person so elected is a public officer. If another is undertaking to perform the duties illegally, quo warranto, and not injunction, is the remedy by which his right to the office should be tested. "Quo warranto affords an adequate remedy for the trial of title to a public office; and where title is the sole issue, all equitable jurisdiction is ousted." *Stanford* v. *Lynch,* 147 *Ga.* 518 (94 S. E. 1001); *Tupper* v. *Dart,* 104 *Ga.* 179 (2) (30 S. E. 624); *Clarke* v. *Long,* 152 *Ga.* 619 (111 S. E. 31); *Moore* v. *Dugas,* 166 *Ga.* 493 (5) (143 S. E. 591). The allegations as to breaking the lock and the like are merely incidental to the main question. The court erred in granting an interlocutory injunction.

*Judgment reversed. All the Justices concur.*