TOWNSEND *et al.* v. CARTER *et al.*

760

*Chastain & Henson* and *T. J. Townsend,* for plaintiffs.

*C. A. Williams,* for defendants.

GILBERT, J. The exception in this case is to a judgment refusing mandamus absolute. The petition filed by Townsend, Tyre, and Stewart alleged that they had been duly elected members of the Board of Education of Bacon County for a term of four years, and that their successors had not been duly elected and qualified; that Carter "sought . . to illegally and unlawfully install in their stead as members of said Board of Education the said I. L. Pope, Daniel M. Lee, and Steve R. Jordan," and had refused to recognize or work with petitioners as members of the board; that commissions issued to Pope, Lee, and Jordan by the Governor were obtained by fraud, in that no sufficient report of such election was made by the grand jury to the court and spread upon the minutes thereof as required by law; and that notwithstanding this the clerk of the superior court had certified to the Governor that Lee, Pope, and Jordan had been duly elected, and thereupon the Governor had issued commissions accordingly for the term ending 1935. After amendment, the petition made Carter, the chairman of the board of education, the only defendant; and the prayer was that the court, by mandamus, require Carter to "recognize" petitioners as members of the board. Lee, Pope, and Jordan intervened. Their petition for intervention was admitted over objection, and demurrers thereto were overruled. Exceptions to these judgments were taken. The intervenors set up that at a regular session of the board of education on April 7, 1931, they were inducted into office and had continuously since that date discharged the duties, which fact is sustained by the evidence. After hearing evidence the court denied the prayer for mandamus, and this judgment was excepted to. Other assignments of error are immaterial and can not affect the result.

■ If the judgment refusing mandamus absolute was proper for any legal reason, it will be affirmed, notwithstanding the fact that

other reasons may have moved the court to render such judgment.

■  The real issue in this case is whether the petitioners or intervenors have title to the office, and title is the sole issue. Under authority of *Stanford* v. *Lynch*, 147 *Ga.* 518 (94 S. E. 1001), and *Clarke* v. *Long*, 152 *Ga.* 619 (111 S. E. 31), quo warranto affords an adequate remedy for the trial of title to public office. A member of a county board of education is a public officer. It follows that mandamus was not the proper remedy, and that the judgment refusing mandamus was not erroneous. *Bonner* v. *State*, 7 *Ga.* 473.

*Judgment affirmed. All the Justices concur.*