Rogers *et al.* v. Croft *et al.*

Candler, Justice. The exception is to a judgment overruling general and special demurrers to a petition seeking injunctive relief, and to the judgment granting the injunction as prayed. In the petition brought by four citizens of that part of Colquitt County, Georgia, designated as the Town of Berlin by an act of the legislature creating the town (Ga. Laws, 1910, p. 397), it is alleged: that the mayor and aldermen of the town ceased to function as such in 1922, and the defendant, R. J. Rogers, in July, 1947, purporting to act as the surviving alderman, even though he abandoned the office by living outside the town limits from 1928 until 1935, attempted to reconstitute the town government by appointing another of the defendants as alderman, and these two a third, these three a fourth, these four a fifth, and the five by naming a mayor; that the defendants, their agents, and employees are now seeking to collect license fees from the plaintiffs, and have threatened to close the business of one unless his license fee is paid; that the charter prescribed the

method for filling vacancies in the offices of council and mayor, and because of the method used by the defendant Rogers, the defendants are not the legally constituted mayor and council of the town. The prayers of the petition are: "That a writ of injunction issue, directed to the defendants, commanding them to cease and desist from trying to act as the duly constituted mayor and council of the Town of Berlin, from attempting to collect license fees and taxes from your petitioners, or from in any way interfering with petitioners in the operation of their business; that process may issue to defendants requiring them to be and appear at the next term of this court to answer your petitioners' complaint." *Held:*

1. "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law." Code, § 37-120.

2. "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." Code, § 64-201. The offices of mayor and council of an incorporated town are public offices within the purview of this statute, and the plaintiffs, alleging themselves to be residents, voters, and taxpayers of the town, have such an "interest" in the offices as would entitle them to maintain a quo warranto proceeding to inquire into the right of the defendants to occupy such offices.

3. While injunction is a proper remedy to restrain public officers from acting illegally, or without authority, and in breach of trust, where irreparable injury is alleged, and a clear case is presented (*McCarthy* v. *McKinney*, 137 *Ga.* 292, 296, 73 S. E. 394), yet where the basic and underlying purpose of a suit is really to declare a public office vacant (*Clarke* v. *Long*, 152 *Ga.* 619, 111 S. E. 31; *McDuffie* v. *Perkerson*, 178 *Ga.* 230, 173 S. E. 151, 91 A. L. R. 1002), or to test the title to the office under which the parties purport to act, or the validity of their election (*Davis* v. *Matthews*, 169 *Ga.* 321, 150 S. E. 158; *Stanford* v. *Lynch*, 147 *Ga.* 518, 94 S. E. 1001), a proceeding in the nature of quo warranto, under the Code, § 64-201, is adequate to determine the issue.

4. Construing the petition in the present case most strongly against the plaintiffs, as we are required to do when considering it on general demurrer, it discloses a case which is nothing more or less than an effort to test the defendants' title to the offices and to declare them vacant. It is not alleged that the defendants are acting under an ordinance that is void, discriminatory, or unconstitutional, or that the resulting injury will be irreparable, but that, because of the invalidity of their election or appointment to the offices under which they purport to act, they are not the legally constituted mayor and council of the town, and have no right or authority whatsoever to act as such. The plaintiffs, in their brief, expressly admit the corporate existence of the town and of the right of the town to levy and collect license fees and taxes, but deny the right and authority of these defendants to do so. The plaintiffs did not pray for a restraining order or temporary injunction until the final hearing. The injunctive relief prayed would, therefore, only be effective after the title to the offices had been adjudicated. The allegations that the defendants are seeking to collect license fees, and of the apprehended

interference if the license fees are not paid, are only incidental to the main and underlying purpose of the suit, and that is the right of these defendants to occupy the respective offices and to function as officers of the town.

5. The petition here seeks primarily an adjudication of the title to the offices in question, and it not otherwise alleging sufficient facts to bring it within the jurisdiction of a court of equity, a proceeding in the nature of quo warranto would be an adequate and complete remedy, and the trial court erred in overruling the general demurrer which attacked the petition on this ground. All orders and judgments passed subsequently to the ruling on the general demurrer were nugatory and require no consideration here. *Judgment reversed. All the Justices concur.*

No. 16070. APRIL 16, 1948. REHEARING DENIED MAY 14, 1948.

*L. L. Moore* and *R. L. Moore,* for plaintiffs in error,
*Bennet & Kilpatrick,* contra.