## CONLEY *et al.* v. BROPHY *et al.*

No. 17109. JUNE 12, 1950.

*A. Russell Ross,* for plaintiffs in error.

*Will Ed Smith,* contra.

WYATT, Justice. ■ The motion for new trial having been based upon the general grounds only, the question that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury, is not presented for decision. See *Tyson* v. *Anderson,* 164 *Ga.* 673 (139 S. E. 410) ; *Kerce* v. *Davis & Co.,* 165 *Ga.* 168 (140 S. E. 287) ; *Gilliard* v. *Johnston & Miller,* 161 *Ga.* 17 (129 S. E. 434).

■ The County Board of Education was authorized to appoint no less than three nor more than five trustees for the school district involved. See Ga. Code (Ann. Supp.), § 32-1104. On July 8, 1947, they appointed three men, J. H. Martin, J. C. Dowdy, J. E. Walker, but attempted to limit their terms of office to one year. No question is presented in so far as J. H. Martin is concerned, since his name is included in all of the various orders of appointment. The question is presented, in so far as the other two are concerned, whether or not the County Board of Education can limit their terms of office to one year.

The Code section above cited expressly provides that the terms of office shall be for four years. "Where the term of an office is fixed by the Constitution, and the appointing power attempts to limit the term to a less time, the limitation will be disregarded as surplusage, and an appointee's acceptance under such an appointment will not estop him from claiming the entire term." 46 C. J. 965, § 101. "It has been declared . . that public policy forbids that the beginning and expiration of terms of officers be left to the discretion of the person holding the office or the body having the appointing power." 43 Am. Jur. 11,

§ 150. "The tenure by which an office is held does not generally depend upon the commission which the Governor may think proper to issue. . . The statute and not the commission determines the commencement and ending of the term of such officer." *Stephenson* v. *Powell*, 169 *Ga.* 406, 408(3) (150 S. E. 641). See also *Motes* v. *Davis*, 188 *Ga.* 682(1) (4 S. E. 2d, 597, 125 A.L.R. 289).

We therefore hold that a term of office fixed by statute can not be changed by the appointing power. The effort made in the instant case to limit the terms of office of the three men appointed July 8, 1947, to one year was ineffective. When the appointments were made, they were made for a term of four years as required by the statute.

■ It is contended that the finding by the State Board of Education is binding on the court in this case. The Code (Ann. Supp.), § 32-910 constitutes the County Board of Education a "tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law." It is provided in § 32-414 that "The State Board of Education shall have appellate jurisdiction in all school matters which may be appealed from any county or city board of education, and its decisions in all such matters shall be final and conclusive."

Membership on a board of education is a public office. See *Clarke* v. *Long*, 152 *Ga.* 619 (111 S. E. 31) ; *Townsend* v. *Carter*, 174 *Ga.* 759 (164 S. E. 49). "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." Code, § 64-201. Quo warranto, in so far as we know, has always been recognized by the courts of this State as the proper procedure for inquiring into the right to hold public office. We are not unmindful of the modern tendency to clothe boards and bureaus composed of men not trained in the law with judicial functions. This tendency we consider dangerous, and for this reason, the statutes will be strictly construed. We do not believe that the above-cited provision of the school law is intended to, or has the effect of, taking from the courts of this State the power to inquire into the right to hold public office and

to confer this important power upon the school boards, composed of men not required to be trained lawyers. We therefore hold that the superior court did have the right and duty to try and determine the quo warranto proceeding in the instant case.

It follows, from what has been said above, that the only valid action of the County Board of Education was the order of July 8, 1947, and the judgment of the trial court was correct.

*Judgment affirmed. All the Justices concur. Duckworth, C.J., concurs in the judgment only.*