Moe MARCUS, Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. ALCOHOLIC BEVERAGE CONTROL BOARD, Defendant in Error.

No. 41010.

Supreme Court of Oklahoma.

Feb. 15, 1966.

Kenneth Reed, Perry, for plaintiff in error.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., Oklahoma City, for defendant in error.

IRWIN, Justice.

The sole question to be determined in this appeal is whether a person elected and holding office as a city councilman is prohibited from holding an employee's liquor license.

On July 1, 1962, Moe Marcus, plaintiff in error, was issued employee's license No. 3300 by the Alcoholic Beverage Control Board of Oklahoma. On May 1, 1963, plaintiff in error took the oath of office as city councilman for the City of Perry and entered into the duties thereof. Thereafter plaintiff in error was given notice to appear and show cause why his license should not be revoked.

After due hearing, the license of plaintiff in error 'was revoked on the grounds that the licensee had entered upon the duties of a city councilman which rendered him ineligible to hold an employee's liquor license. On appeal, the District Court on trial de novo, revoked the license for the same reason.

Article 27, Sec. 8 of the Oklahoma Constitution and Title 37 O.S.1961, Sec. 511 (d) are the constitutional and statutory grounds on which the revocation of the license of the plaintiff in error was predicated.

Art. 27, Sec. 8 of the Oklahoma Constitution provides:

> "The State of Oklahoma, or any political subdivision thereof, or any board, commission, agent, or employee thereof, is hereby prohibited from engaging in any phase of the alcoholic beverage business, including the manufacture, sale, transportation, or distribution thereof, at wholesale or retail, and the maintenance, ownership or operation of warehouses or alcoholic beverage stores."

The only difference between the above constitutional provision and Title 37 O.S. 1961, Sec. 511(d) is that the statutory provision contains the additional words "directly and indirectly" before the word "engaging", and the words "importation, exportation" before the word "transportation".

Plaintiff in error contends the above sections of the Constitution and statute are discriminatory and violate the Fourteenth Amendment to the Constitution of the United States in that they deprive him of equal protection of the law by prohibiting him from engaging in the liquor business; and that any attempt by the Legislature to do so would be an unreasonable exercise of its police powers.

There is no natural or inherent right to manufacture, sell, transport or in any manner use, possess, or deal in intoxicants, in any such sense as to remove the liquor traffic from the legitimate sphere of legislative control. 48 C.J.S. Intoxicating Liquors § 20, p. 154. A license law will not be held invalid because it restricts the right to obtain licenses to persons in a particular class. 48 C.J.S. Intoxicating Liquors § 38, p. 174.

30 Am.Jur., Intoxicating Liquors, Sec. 141, pp. 616, 617, states that no one has an absolute or inherent right to a license to sell intoxicating liquor, and its issuance is a matter, not of right, but purely of legislative grace, and may be extended, limited, or denied without violating any constitutional right. Blum v. Ford, 194 Ark. 393, 107 S.W.2d 340. Legislatures may lawfully grant the right to engage in the liquor traffic to a certain class or classes of persons and withhold it from others, and no person may complain because liquor legislation has denied him the privilege of engaging in the liquor traffic. Randles v. Washington State Liquor Control Board, 33 Wash.2d 688, 206 P.2d 1209, 9 A.L.R.2d 531.

We therefore hold that the above constitutional and statutory provisions are not discriminatory or repugnant to the Fourteenth Amendment to the Constitution of the United States.

Plaintiff in error next contends that the above Constitutional and statutory provisions do not cover members of the Legislature or members of a city council, as these are elected legislative officers and not agents or employees; and that there was no intention to prohibit members of the Legislature and members of a city council from engaging in the alcoholic beverage business.

Under this contention, plaintiff in error agrees that a city is a political subdivision

of the state and that the above provisions prohibit an agent or employee of a political subdivision from engaging in the liquor traffic but argues that he is not an agent or employee of said political subdivision therefore the provisions do not apply to him.

It has been stated that the officers of a municipal corporation, like those of a private corporation, are agents of the corporate body. 37 Am.Jur. Municipal Corporations, Sec. 222, p. 854; Capital Gas Co. v. Young, 109 Cal. 140, 41 P. 869, 29 L.R.A. 463; People v. Sullivan, 113 Cal. App.2d 510, 248 P.2d 520.

A city councilman is a public officer of the municipal corporation, State ex rel. Ralich v. Millsop, 138 W.Va. 599, 76 S.E.2d 737; Rogers v. Croft, 203 Ga. 654, 47 S.E.2d 739; Smith v. Reid, 60 S.D. 311, 244 N.W. 353. In the case of State ex rel. Scott v. Trousdale, 16 Nev. 357, the Nevada Court said:

"* * * A public officer is an agent elected or appointed to perform certain political duties in the administration of government."

In Bayha v. Carter, 7 Tex.Civ.App. 1, 26 S.W. 137, the Texas Court said:

"Public officers are the agents of the community which they represent, * * *."

It is clear that under the circumstances in the instant case plaintiff in error, being a city councilman, is a public officer and an agent of the City of Perry. Being an agent of said political subdivision, he is therefore prohibited from engaging in any phase of the alcoholic beverage business while serving in such position under the existing provisions of the State Constitution and statutes.

The judgment of the lower court is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.