23592. BOATRIGHT v. BROWN, Member of Carroll County Board of Education et al.

QUILLIAN, Justice. Cecil Boatright brought a suit for injunction in Carroll Superior Court against the members of the Carroll County Board of Education and the School Superintendent of that county. The petition sought to enjoin the defendants from taking any steps to effectuate or to implement a consolidation resolution passed by the county board of education and to declare the offices of the members of the county board of education vacant and order a new election. The relief sought was predicated on two principal grounds: (1) that Art. VIII, Sec. V, Par. I of the Georgia Constitution (*Code Ann.* § 2-6801) providing for the selection of the members of

the county board of education by the grand jury of the county violates the Fourteenth Amendment to the United States Constitution, and hence the board is illegally constituted and elected; (2) that the acts of the board of education in approving a reorganization resolution for the county schools are illegal because such acts constitute a gross abuse of discretion and contravene the United States Constitution and the Civil Rights Act of 1964 in that the provisions for reorganization of the schools discriminate against "Negro petitioners."

The trial judge sustained certain stated general demurrers filed by the defendants and the plaintiff appeals. *Held:*

1. "Membership on a board of education is a public office." *Conley v. Brophy*, 207 Ga. 30, 33 (60 SE2d 122). "Quo warranto affords an adequate remedy for the trial of title to a public office; and where title is the sole issue, all equitable jurisdiction is ousted." *Davis v. Matthews*, 169 Ga. 321, 322 (150 SE 158). "While injunction is a proper remedy to restrain public officers from acting illegally, or without authority, and in breach of trust, where irreparable injury is alleged, and a clear case is presented . . . , yet where the basic and underlying purpose of a suit is really to declare a public office vacant . . . , or to test the title to the office under which the parties purport to act, or the validity of their election . . . , a proceeding in the nature of quo warranto, under *Code* § 64-201, is adequate to determine the issue." *Rogers v. Croft*, 203 Ga. 654 (3) (47 SE2d 739).

Here the plaintiff contends the defendants are illegally holding office because of the alleged unconstitutionality of the section of the Georgia Constitution providing for the means of their selection. Hence, quo warranto would be an adequate remedy and the trial judge did not err in sustaining ground 5 of the original demurrers which pointed out this defect.

2. There are allegations that the board of education acted illegally and unconstitutionally. However, there are no allegations that show any appeal was taken to the State Board of Education under Ga. L. 1961, p. 39 (*Code Ann.* § 32-910). The rule is well settled that, barring extraordinary circumstances, the exhaustion of the statutory remedy of appeal is a prerequisite to relief in equity. *Carter v. Board of Ed. of Richmond County*, 221 Ga. 775, 777 (147 SE2d 315); *Bedingfield v. Parkerson*, 212 Ga. 654, 660 (94 SE2d

714). "Where no effort is made to exhaust one's administrative remedies, or an adequate remedy at law is available, equity will not intervene." *Otwell v. West,* 220 Ga. 95, 98 (137 SE2d 291).

The trial judge did not err in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1966—DECIDED SEPTEMBER 8, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

*C. C. Perkins,* for appellant.

*Tisinger & Tisinger, Robert D. Tisinger, Richard Tisinger,* for appellees.