**STATE of Oklahoma, ex rel., Charles Russell KEITHLINE, Jr., Plaintiff in Error,**

v.

**Honorable Joe JENNINGS, Associate District Judge of Tulsa County, Oklahoma, Defendant in Error.**

No. 43891.

Supreme Court of Oklahoma.

Jan. 6, 1970.

Spillers, Tucker, Boyd & Parks, Tulsa, for plaintiff in error.

Charles A. Whitebook, Frank R. Hickman, Tulsa, for defendant in error.

HODGES, Justice.

This is an original proceeding seeking an alternative writ of mandamus by petitioner, Charles Russell Keithline, Jr., against respondent, Joe Jennings, Associate District Judge of Tulsa County, to order parties in an action below, to submit to blood tests where paternity of a child is questioned.

Plaintiff, Marnita Louise Tucker, in the action below is the unmarried mother of the child in controversy. She is suing for the specific performance of a contract signed by her and the petitioner which provides for the support of the child and herself. She alleges the contract was executed in consideration of her forebearance of suit to establish paternity of petitioner. The putative father, set out in his answer . as defense to the suit that the contract was procured by fraud, along with other defenses.

Prior to filing his answer in the lower court the petitioner filed a motion for blood tests under authority of 10 O.S. § 501, and his motion had been denied. He then filed an application in this court for mandamus which was denied for the reason that it was premature. Petitioner then filed an answer and again filed a motion for blood tests which was denied by the respondent. Petitioner again filed an application for alternate writ of mandamus in this court, which is under consideration in this opinion.

The statute authorizing blood test, which was passed in 1967, has not previously been before this court. Section 501 in its pertinent part is as follows:

"In a civil action or actions in the nature of a civil proceedings in which paternity is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall, order the mother, child and alleged father to submit to blood tests. * * * "

To conform to the statute the action must be, 1. a civil action or one in the nature of a civil proceedings, 2. the paternity of the child must be a relevant fact in the proceedings, 3. motion must be made so as not to unduly delay proceedings. Upon compliance with these requirements the court on its own initiative or suggestion by one whose blood

is involved *may* order blood tests, or upon motion by a party to the action the court *shall* order the tests. We shall now examine the facts in the present case to determine if these requirements for a blood test have been met.

The instant action is a suit upon a contract, a civil action. Motion was made by the defendant below for blood test both before and after he filed his answer. As matter of fact, petitioner filed his last motion for blood test shortly after he filed his answer. We then have a party to the action who has filed his motion at a time so as not to unduly delay the proceedings. We have remaining the question of whether paternity is a relevant fact in the action below. Also we are asked to determine whether the directive contained in the statute as to the ordering of a blood test is mandatory or permissive.

Respondent says that in a suit upon a contract where the putative father has acknowleged paternity and has agreed to pay for the support of the child and the mother, the paternity of the child is not a relevant fact. Respondent cites a number of cases from other jurisdictions for his position. These cases deal with a matter tried upon its merits, not involving the defense of fraud and are not in point. We have here a question of determining in the pleadings stage whether we will permit petitioner to interpose a defense of fraud in the inducement of a contract. In the case of State ex rel. Oklahoma Bar Assn. v. O'Bryan, Okl., 385 P.2d 876, we said that fraud will vitiate a contract procured thereby. And in the case of Johnson v. Eagle, Okl., 355 P.2d 868, this court said:

"Where false representations of material facts are made by one as an inducement to others who are ignorant thereof, to enter into a contract and relied upon by the latter to their detriment, the same may be pleaded in defense to an action on the contract."

Petitioner in his answer has alleged that the plaintiff knowing her statements to be false, informed petitioner that he was the father of the child, and that relying upon this deceit he was induced into executing the contract sued upon. We find that paternity is a relevant fact in the trial of the issues in the lower court.

The remaining question is whether the word "shall" contained in the statute is directive or permissive. The statute in question supplies its own interpretation of whether the legislature intended the directive to be permissive or mandatory. The first part of the statute states that the court on its own initiative or suggestion of one whose blood is involved *may* order the mother, child, and father to submit to blood tests. The second part states that on the motion of any party to the action the court *shall* order blood tests. If the legislature had intended the second part of the statute to be permissive it would have used the word "may" as in the first part of the statute. In the case of State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088, we said in the body of the opinion:

"In the construction of statutes, the word "shall" is usually given its common meaning of "must" and interpreted as implying a command or mandate, * * *."

Under the pleadings the petitioner has met all of the requirements for the obtaining of an order for blood tests. If the requirements are met the statute requires the judge to issue such an order. Mandamus is the proper remedy in a case of this nature. In the case of State ex rel. Evertson v. Cornett, Okl., 391 P.2d 277, we said in a case involving a motion for the ordering of blood tests prior to the passage of the statute interpreted herein, that in denying the motion the action of the trial court had effectively denied defendant the right to procure and introduce evidence and it would be idle and futile to require the defendant to submit to a trial and then appeal to this court before being permitted to procure and produce the evidence he seeks, and as such, his remedy is inadequate and mandamus will lie. The same reasoning applies in the instant case.

The application to assume original jurisdiction and the petition for an alternative writ of madamus are both granted.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, and McINERNEY, JJ., concur.