** Summary ** SALE OF BEER OR LIGHT BEER BY STATE EMPLOYEE Article XXVII, Section 8, of the Oklahoma Constitution expressly prohibits any employee or agent of the State from engaging in the sale of "beer," an intoxicating beverage. The Provisions of Article XXVII, Section 8, of the Oklahoma Constitution do not prohibit employees or agents of the State from engaging in the sale of "light beer," a nonintoxicating beverage. This will acknowledge receipt of your letter dated February 25, 1972, wherein you ask, in effect, the following question: Does ArticleXXVII, Section 8, of the Oklahoma Constitution prohibit employees or agents of the State from engaging in the sale of "beer" and "light beer?" At the outset we would point out that "beer" is defined by Title 37 O.S. 506 [37-506](3) (1971), as follows: "Beer" means any beverage containing more than three and two tenths per cent (3.2%) of alcohol by weight and obtained by the alcoholic fermentation of an infusion or decoction of barley, or other grain, malt or similar products." "Light beer" is defined by 37 O.S. 506 [37-506](13) supra, as follows: "`Light beer' means a nonintoxicating malt beverage controlled under Title 37, Oklahoma Statutes 1951." There exists a difference in the laws applicable to the sale of "beer" and "light beer." Title 37 O.S. 1971 163.1 [37-163.1], provides: "Beverages containing more than three and two-tenths per cent (3.2%) alcohol by weight are hereby declared to be intoxicating; all other beverages are hereby declared to be nonintoxicating. The manufacture, distribution and sale of beverages containing more than one-half of one per cent (1/2 of 1%) alcohol by volume and not more than three and two-tenths per cent (3.2%) alcohol by weight, are hereby declared subject to the provisions of this Act (163.1-163.21). " This distinction is pointed out clearly by Article XXVII, Section 2 of the Oklahoma Constitution, which states: "The terms and provisions of this Amendment making lawful the sale of intoxicating beverages in Oklahoma; and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two tenths percent (3.2%) of alcohol by weight 'light beer'." Examination of the foregoing provisions of State law makes it readily apparent that the sale of "beer" is controlled by provisions of Article XXVII, of the Oklahoma Constitution and Title 37 O.S. 501 [37-501] (1971) et seq.; whereas, the sale of "light beer" is regulated by the terms of Title 37 O.S. 163.1 [37-163.1] — 37 O.S. 163.21 [37-163.21] (1971). Given this basic distinction between laws applicable to sale of "beer" and "light beer," we will now turn to your question concerning sale of these substances by employees or agents of the State. Article XXVII, Section 8 of the Oklahoma Constitution reads as follows: "The State of Oklahoma, or any political subdivision thereof, or any board, commission, agent, or employee thereof, is hereby prohibited from engaging in any phase of the alcoholic beverage business, including the manufacture, sale, transportation, or distribution thereof, at wholesale or retail, and the maintenance, ownership, or operation of warehouses or alcoholic beverage stores. Provided, that nothing herein shall prohibit the sale of alcoholic beverage legally confiscated as provided by law." The applicable statutory provision, Title 37 O.S. 511 [37-511](d) (1971), reads as follows: "The State of Oklahoma, or any political subdivision thereof, or any Board, Commission, agent or employee thereof, is hereby prohibited from directly or indirectly engaging in any phase of the alcoholic beverage business, including the manufacture, sale, importation, exportation, transportation, or distribution thereof, at wholesale or retail, and the maintenance, ownership, or operation of warehouses or alcoholic beverage stores. Provided, that nothing herein shall prohibit the sale of alcoholic beverage legally confiscated as provided by law." The foregoing provisions of law were construed by our Supreme Court in Marcus v. State, Okl., 411 P.2d 539, wherein it was held that employees or agents of a political subdivision of the State are prohibited from engaging in any phase of the alcoholic beverage business while serving in such position under the provisions of the State Constitution and statutes. The decision in Marcus, supra, is in accord with Attorney General's Opinion Number 63-257, a copy of which is enclosed for your information. Sale of "beer," an intoxicating beverage, by employees or agents of any political subdivision of the State is expressly prohibited; however, the same is not true of the sale of "light beer." Licensing laws relating to the sale of "light beer" are set forth in Title 37 O.S. 163.11 [37-163.11] (1971). Said section contains nothing prohibiting an employee or agent of the State from engaging in the sale of "light beer." In 7-Eleven Incorporated v. Fogg, Okl., 372 P.2d 24, the Court held that provisions of 163.11, supra, contained the exclusive criteria for the issuance or denial of a license to sell "light beer," and that a court denying such a license upon grounds not set forth in 163.11, supra, exceeded its jurisdiction. See also 7-Eleven, Incorporated v. McClain, Okl. 422 P.2d 455. The above considered, it is the opinion of the Attorney General that your question be answered as follows: (1) Article XXVII, Section 8, of the Oklahoma Constitution expressly prohibits any employee or agent of the State from engaging in the sale of "beer," an intoxicating beverage. (2) Provisions of Article XXVII, Section 8, of the Oklahoma Constitution do not prohibit employees or agents of the State from engaging in the sale of "light beer," a nonintoxicating beverage. (Jeff L. Hartmann)