RETAIL PACKAGE STORE — LICENSE Title 37 O.S. 527 [37-527](a)(15) (1971) prohibits the spouse of an alcoholic beverage wholesaler, Class B wholesaler or package store licensee from holding an employee license. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: Does 37 O.S. 527 [37-527](a)(15) (1971) allow the spouse of a wholesaler, Class B wholesaler or package store licensee to hold an employee license? Title 37 O.S. 527 [37-527](a)(15) (1971) provides: "(a) The Board shall refuse to issue a wholesaler's, Class B wholesaler's or package store license either on an original application or a renewal application, if it has reasonable grounds to believe and finds any of the following to be true. "(15) That, in the case of an application for a wholesaler's, Class B wholesaler's or package store license, the applicant or any partner, or spouse of the applicant or any partner, is the holder or partner of the holder of any other class of license issued under the provisions of this Act, other than a storage license or bonded warehouse license." (Emphasis added) A plain reading of this Section indicates that the spouse of a wholesaler, Class B wholesaler or package store licensee may not hold any other class of license except a storage license or a bonded warehouse license. This means that a spouse may not hold any other class of license, including an employee license. No other portion of the Alcoholic Beverage Control Act speaks to the qualifications for a license. Use of the word "shall" is equivalent to the word "must" and leaves the Board no discretion to avoid following this statute. State v. Jennings, Okl., 463 P.2d 690, 692 (1970); Ogden v. Hunt, Okl., 286 P.2d 1088, 1090 (1955). When the language of the statute is clear and unmistakable, there is no room for construction and no justification exists for interpretative devices to fabricate a different meaning. City of Bethany v. Hill, Okl., 509 P.2d 1364 (1973); In re Guardianship of Campbell, Okl., 450 P.2d 203 (1968). It is well settled law that the Legislature may determine what classes of individuals may be licensed to deal in alcoholic beverages. In Marcus v. State, Okl., 411 P.2d 539
(1966), the Supreme Court of Oklahoma stated: "No one has an absolute or inherent right to a license to sell intoxicating liquor, and its issuance is a matter, not of right, but purely of legislative grace, and may be extended, limited, or denied without violating any constitutional right." Another authority provides: "The legislature of a state may lawfully, and without violating the constitutional guaranties securing the just rights of the individual, provide a system for the granting of licenses to sell such liquors, imposing proper conditions and restrictions on the granting of such licenses, prescribing the qualifications necessary to secure them . . ." The fact that the director or administrative agency misuses the licensing power or violates the controlling statutes does not affect the validity of the statute providing for licenses." 48 C.J.S. Intoxicating Liquors, page 173. In addition, adhering to the plain meaning of Section 527(a)(15) is consistent with the intent and purpose of the Alcoholic Beverage Control Act as set forth in 37 O.S. 503 [37-503] (1971), to-wit: "This Act shall be deemed an exercise of the police power of the State of Oklahoma for the protection of the welfare, health, peace, temperance and safety of the people of the State, and all the provisions hereof shall be construed for the accomplishment of that purpose." Also 37 O.S. 505 [37-505] (1971) provides in pertinent part: "No person shall manufacture, rectify, sell, possess, store, import into or export from this State, transport, or deliver any alcoholic beverage except as specifically provided in this Act." (Emphasis added) This language directs the Board to specifically follow its own statutes, including Section 37 O.S. 527 [37-527](a)(15). It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 37 O.S. 527 [37-527](a)(15) (1971) prohibits the spouse of an alcoholic beverage wholesaler, Class B wholesaler or package store licensee from holding an employee license. (Daniel J. Gamino)